Taylor, Chief-Justice.
 

 The most material ground of this action is, that a legal prosecution was carried on against the Plaintiff, without probable cause, and this it was incumbent on him to prove expressly, for it cannot be- implied. Where probable cause is absent, it is usual to imply malice, as well as the knowledge of the Defendant; hut the want of probable cause, cannot be implied from the most express malice. If a man prosecute another, from real guilt, however malicious
 
 *69
 
 jhis motives may be, lie is not liable in this action 5 nor is he liable if lie prosecute him from apparent guilt, arising from circumstances which he honestly believes. These principles1 have been repeatedly laid down, and sanctioned, and are necessary to be kept in view in considering the nature of the action. — (1
 
 Tefm R.
 
 544.)
 

 In order to repel the
 
 prima facie
 
 evidence of the want of probable cause, arising from the indictment not being found a true bill, the Defendant introduced several witnesses for the purpose of shewing that the Plaintiff swore falsely, in two particulars, upon the trial of the warrants before the Magistrates. These were, 1st, as to the nature of the contract, between Mr. Winders and Robison, whether the rent was payable in
 
 money
 
 or
 
 .corn,
 
 at the option of the former. Secondly, whether the money was due presently, or payable in two months. Much evidence, on the first point, was adduced on both sides, to the end of shewing, on the part of the Plaintiff, that the contract was absolute for the payment of money, as he had sworn it to be; and on the part of the Defendant, that there was an option in the tenant to pay money or corn, and that, consequently, the Plaintiff had perjured himself. Whether he did, or not, depended on the weight and credibility of much conflicting evidence; but if the Jury believed that adduced by the Defendant, it is incontrovertible that there was probable cause for the prosecution; if, on the other hand, they believed that introduced by the Plaintiff, there was not, on this part of the case, any probable cause, and malice was to be inferred ; and this, I apprehend, is the instruction that ought to have been given by the Judge. O11 the second point, the Plaintiff swore, at the first trial, that he did not remember when the money was to be paid, whether in two, three, six months, or ever. On the second trial, which was shortly afterwards, he swore that the money was to he paid within two months; and it was on this occasion, when Mr. Winders called to the Plaintiff’s re
 
 *70
 
 collection what his testimony had been on the first trial,1 that the Defendant demanded a warrant against him. On this part of the case, it should have been submitted †0 j;j)e Jmy, to enquire whether the Plaintiff's two oaths were iii conflict with each
 
 other;
 
 and even if they were not, whether the circumstances were such as to produce apparent guilt, and raise a belief in the Defendant, that the Plaintiff had perjured himself? And, that, in either of these two cases, the Defendant should be acquitted on this part of the case.
 

 As the question of probable cause, is compounded of law and fact, the Defendant had a right to the opinion of the Court, distinctly, on the law, on the supposition that he had established, to the satisfaction of the Jury, certain facts. Whether the circumstances were true, was a question for the Jury j whether, being true, they, amounted to probable cause, is a question of law.
 

 It is true, that the Court explained to the Jury what probable cause was, and explained it correctly ,* but then, in the subsequent part of the charge, it is left at large for the Jury to say, whether the Defendant had not this probable ground for suspicion, amounting to probable cause. Whereas, the right instruction was, that if the Defendant had, in their opinion, tips probable ground of suspicion,
 
 it amounted, in point of law, to probable cause.
 
 I am of opinion, therefore, that there ought to be a new trial.
 

 llAii and Henderson, Judges, concurred-,