Pearson, J.
 

 From the manner in which the case was put to the jury, the defendants are entitled to have the benefit of every inference of fact that the jury was at liberty to draw from the evidence.
 

 But we fully concur with his Honor, that even in the most favorable point of view, the defendants had no probable cause to believe, that the plaintiff
 
 “
 
 was fraudulently eluding the ordinary
 
 *428
 
 process of law, or bad privately removed, or so absconded, absented or concealed himself, that the ordinary process of law tould not be served on him.” Abrams v. Pender, Busb. 261.
 

 We are bound in charity to suppose that, at the time the defendants took the oath required by law, before air attachment can issue, they did believe that the plaintiff had, in the language of the country, “run awaybut it is clear, there was no good ground for this belief, and no fair-minded man, who had a due regard for the rights of others, would have come to any such conclusion. So the defendants, if such was their belief, must have persuaded themselves into it from an extreme eagerness to collect their debt. We, also, in charity, suppose they were ignorant of what the law requires before an original attachment can rightfully be taken out.
 

 Admit, that as the plaintiff was “ considerably indebted for one of his means,” and had got back from a trip on Thursday without his wagon and one horse, when it was known that he had loft home again on Saturday, taking his wife and child, a prudent creditor would have been put on enquiry; still, when he found that his debtor had gone off in the usual way, (in the day time,) with bacon that he had bought from one person, in a wagon that he had borrowed from another, and said that he was going to the Scotch Fair, near to which place his wife’s relations lived, and that he had left his cattle, hogs, crop, corn, &c., in •harge of a neighbor, to whom he had given his keys, all suspicion would have been removed, or, at least, a conclusion would have been suspended until after the time when it might be expected the debtor, if he was acting honestly, would return. As there was nothing suspicious in the manner of his going away, the debtor was entitled to a few days of grace at least, to see whether he would come back, before he could be charged with absconding and fraudulently concealing himself to avoid service of the ordinary process of law.
 

 It was insisted upon in the argument here, that, to support the action, malice must be proven as well as a want of probable
 
 *429
 
 cause. We do not think so. There is a marked difference between this action, and one for malicious prosecution.
 

 It is the policy of the law to encourage the citizens of • the country in their efforts to bring public offenders to the notice of the Court, to the end that they may be regularly put on trial. Hence, one who institutes proceedings for that purpose is in some measure protected, and he does not expose himself to an action merely by acting without probable cause : it must appear also that he acted from malice. It is true, malice is usually inferred by the jury from a want of probable cause, and without explanation, it is the duty of the jury to make the inference j but it may be rebutted, and, if so, the action fails.
 

 But, when one, in the assertion of a civil right, resorts to an extraordinary process, without probable cause, and thereby injures his neighbor, there is no ground of public policy upon which to excuse him. It is a matter between private citizens, and if the wrongful act of one causes loss to another, there is no reason why compensation should not be made. Whether in such a case proof of malice would entitle the party, not only to compensation, but to vindictive damages, is a question not now before us. It is sufficient to say, malice need not be proven in order to support the action, for the damage is the same to the plaintiff, and the
 
 “
 
 gist” of action is that the defendant had injured him, caused him to sustain damage wrongfully, by sueing out the process without probable cause. Abrams v. Pender, cited above. Indeed, the bond which the Statute requires is to provide against
 
 wrongfully
 
 sueing out the attachment, which does riot embrace the idea of malice, except so far as it may have a tendency to aggravate the wrong of causing loss to another, by having his property seized without probable cause, for believing that he has absconded or concealed himself to avoid the ordinary process of the law.
 

 By way of further illustration, we have seen that if one institutes a criminal proceeding, although it turns out that the person charged is innocent, the prosecutor may defeat an action for malicious prosecution, by showing that he had probable cause.
 
 *430
 
 But if, instead of instituting a criminal proceeding, tbe party utters slanderous words, be cannot defeat an action, by showing that he had probable cause ; he can only justify by' proving the truth of the charge, because the public could, by no possibility, be benefitted by the slander. This shows that the action for malicious prosecution stands on peculiar grounds, which clearly distinguish it from an action like the present, and from the ac- ' tion of slander. To maintain an action like the present, it is sufficient to show a want of probable cause. To maintain an action of slander, it sufficient to show malice. To maintain an action for malicious prosecution, both a want of probable cause and malice must be shown.
 

 Per Curiam. Judgment affirmed.