Battle, J.
 

 In an action for a malicious arrest, or a malicious prosecution, it is essential that the termination of the previous proceeding should be proved, and that the absence of reasonable and probable cause should be alleged as well as
 

 
 *183
 
 proved. This is conceded by the counsel for the plaintiff, but he contends that the present is not a suit of that kind, but is a special action on the case, for an abuse of the process of the law, in which it is not necessary to show the termination of the suit in which the process has been abused. In support of this proposition, the counsel has referred to several cases, and among the rest, to the leading one of
 
 Grainer
 
 v.
 
 Hill, 4
 
 Bing. N. C. 212, (33 Eng. Com. Law Rep. 328). In that case, the plaintiff declared that he was the master and owner of a vessel, which in September, 1836, he mortgaged to the defendant for the sum of £80, with a covenant for repayment in September, 1837, and under a stipulation that, in the mean time, the plaintiff should retain the command of the vessel and prosecute voyages therein for his own profit; that the defendant, in order to compel the plaintiff, through duress, to give up the register of the vessel, without which he could not go to sea, before the money lent on mortgage became due, threatened to arrest him for the amount, unless he immediately paid it; that upon the plaintiff’s refusing to pay it, the the defendant, knowing he could not provide bail, arrested him under a
 
 capias,
 
 endorsed to levy £95 17s. 6d., and kept him imprisoned until, by duress, he was compelled to give up the ship’s register, which the defendant then unlawfully detained, whereby he lost the benefit of four voyages from London to Caen. After the plaintiff had proved the facts, alleged in his declaration, it was objected that he could not recover, because he had not shown that the suit, commenced by the defendant, had been terminated. Tindall, C. J., said, that the answer to this objection was, that the action was for an abuse of the process of the law, by applying it to extort property from the plaintiff, and not an action for a malicious arrest, or malicious prosecution. The learned Judge then draws the distinction between the two kinds of action thus: ■ “ In the case of a malicious arrest, the sheriff, at least, is instructed to pursue the exigency of the writ; here, the directions given, to compel the plaintiff to yield up the register, were no part of the duty enjoined by the writ. If the course
 
 *184
 
 pursued by the defendant is such, that there is no precedent of a similar transaction, the plaintiff’s remedy is by an action on the case, applicable to such new and special circumstances; and his complaint being that the process of the law has been abused, to effect an object not within the scope of the process, it is immaterial whether the suit, which that process commenced, has been determined or not, or whether or notit was founded on reasonable and probable cause.” Bosanquet, J., said : “This is not an action for a malicious arrest or prosecution, or for maliciously doing that which the law allows to be done; the process was enforced for an ulterior purpose; to obtain property, by duress, to which the defendant had no right. The action is not for maliciously putting process in force, but for maliciously abusing the process of the court.” Park and Yaughan, J. J., expressed themselves to the same effect.
 

 If it appeared that the present defendant sued out the writ, mentioned in the bill of exceptions, against the present plaintiff, for the purpose of extorting money from him by reason of his arrest, then, the case would be within the principle sanctioned by the court of common pleas, in the case above referred to, of
 
 Grainer
 
 v.
 
 Hill,
 
 but such does not seem to have been the fact. There is not the slightest proof that the defendants gave the sheriff any instructions, not enjoined by the exigency of the writ which he had in his hands. It is true, that after the he had arrested the plaintiff, he took from him, with the consent of the defendant, a certain sum of money, in lieu of bail; but it does not appear that the money was paid over to the defendants, or that they were in any manner benefitted by it. On the contrary, it is rather to be inferred that the sheriff took the money for the ease of the plaintiff, and so far as we are informed, has kept it merely as a security for the plaintiff’s appearance, instead of bail, le think, therefore, that the present case is plainly distinguishable from that of
 
 Grainer
 
 v.
 
 Hill,
 
 and the others, of the like kind, to which the plaintiff’s counsel referred, and that it cannot be considered in any other light than that of an action for a malicious
 
 *185
 
 arrest or malicious prosecution, in which the termination of the former suit must be shown.
 

 Per Curiam,
 

 Judgment affirmed.