W. H. SNEEDEN v. GEORGE HARRIS et al.

*Cause of Action—Process, Abuse of—Malicious Prosecution—Pleading.*

1. In a suit to recover damages for the malicious abuse of process in a civil action, it is not necessary that the complaint shall aver a judicial determination of the action in which such process issued. It is otherwise in actions for malicious prosecutions for crime.

2. An allegation in the complaint for falsely and maliciously suing out process in a civil action, that one of the defendants, at the request of the others, executed as surety an undertaking upon an order for the arrest of plaintiff, but which fails to show any other ground of action against him, does not state a sufficient cause of action against such defendant.

CIVIL ACTION, heard upon complaint and demurrer, before *McIver, J.*, at the April Term, 1891, of the Superior Court of NEW HANOVER County.

The complaint is as follows:

1. That during the Summer and Fall of 1887 plaintiff was in possession of a certain tract of land, or island, in New Hanover County in Wrightsville Sound, near the ocean, and known as Sneeden's Hammocks, occupying same under a claim of title which he believed to be good and valid.

2. That during that period there was a considerable discussion in the community about the probability of two railroads being constructed to the Sound, and it was understood that both were desirous of securing possession of said property, known as Sneeden's Hammocks, the one The Wilmington Sea Coast Railroad Co., intending it as their terminus, the other, The Wilmington, Onslow and East Carolina Railroad Co., intending to make it the terminus of a branch road to the ocean, as plaintiff is informed and believes, and states, for this reason, the market value of his property became greatly enhanced.

3. That defendants George and Julia Harris also claim title to said island, and were negotiating with the railroad companies to make sale of it to one of them, and some time in October or November in that year entered into a contract with the W., O. and E. C. Railroad Company through defendant D. L. Russell, who was largely interested in said road, and its financial agent, projector and manager, to sell one-half of said island to said railroad company, or to him and certain other divers persons interested with him, for $25,000, and as the plaintiff has been informed by defendants, Harris and Russell, the said contract would have been executed at that time but for the possession of the property by the plaintiff.

4. But finding their bargain blocked by plaintiff's possession, the defendants, George and Julia Harris (through her

agent and husband George Harris), and D. L. Russell, consulted together as to the best means to carry out their common object and to obtain immediate possession of the property so that they might make a sale thereof, and well knowing there was no lawful means of accomplishing this, they determined upon and proceeded to execute the base, malicious and illegal plan of suing out a writ of arrest and bail under the false and malicious pretence that plaintiff was slandering their title to the property by claiming it to be his own, and of having him arrested and removed from the property and imprisoned, so that they might take possession as soon as the plaintiff was removed; by which wrongful and malicious act the process of the Court was abused, and used for a purpose not set forth in the affidavit upon which the order of arrest was obtained.

5. In pursuance of this unlawful, base and malicious design and purpose, they applied to Henry P. West, the other defendant, and induced him to sign a bond required by law, and then sued out before the Clerk a writ of arrest and bail, and had the same placed in the Sheriff's hands, who late in the afternoon about the first day of November, in said year, assaulted, arrested and removed the plaintiff from the possession of the property which he was quietly enjoying and believed to be his own; and as soon as plaintiff was removed, the defendants took possession of and held the property until they sold it to the Wilmington Sea Coast Railroad Company.

6. That defendants well knew, at the time they made said affidavit, that plaintiff was a very poor man, and that no damages could be obtained from him, and that the statements made in said affidavit that he was slandering their title were false, and that the purpose and object in bringing this suit was not to hold him to answer a claim for damages, but that it was in truth and fact, as above alleged, and has been acknowledged by defendant George Harris, for the

express and deliberate purpose of suing out a writ of arrest to obtain immediate possession of the property which they could not otherwise secure, and in so doing they purposely and deliberately abused the process of the Court.

7. That plaintiff was removed from possession as aforesaid, carried a distance of eight miles to the common jail of the county, and then and there was incarcerated and restrained of his liberty for a period of ten days.

8. That plaintiff was an old man about sixty-five years of age, and at the time of his said imprisonment his wife was extremely ill of a sickness from which she shortly afterwards died, and at the time of his imprisonment he was daily expecting her death ; and in order to avoid being separated from her, and to enable him to be present at her bedside to administer to her wants, and also to avoid the pain, suffering, and disgrace of going to jail, fearing the ill-effects of close confinement upon one so old and infirm as himself, and well knowing his innocence of any unlawful act, and being too poor to give bond, he applied to several persons through his friends to give bail for him, but each of the persons applied to refused his petition.

9. That by reason of his imprisonment he was separated from his wife and unable to be with her in her last days, and was prevented from attending to his ordinary affairs, and greatly suffered in mind and body. By all of which he was damaged five thousand dollars.

10. That, as aforesaid, in pursuance of their illegal and evil purpose, immediately upon the removal of the plaintiff from the property, the defendant took possession, broke open his house, removed and scattered his effects, leveled his house with the ground, shot and destroyed his hogs and poultry, and committed other acts of violence, abuse and spoliation, thereby showing their ill feelings and the malice influencing the defendants towards the plaintiff, by all of which acts of violence the plaintiff was damaged five thousand dollars.

Wherefore, plaintiff demands judgment against defendants (1) for $5,500 damages actually sustained by him from defendant's unlawful acts; (2) $5,000 punatory damages for suing out a writ contrary to law and having plaintiff arrested and imprisoned upon a charge so false and with a purpose so wrongful, illegal and malicious, and for costs.

The defendants demurred to the complaint and assigned several grounds of demurrer, but the only one relied upon in this Court was "that the complaint does not allege or show upon its face that the civil action in which the warrant or writ of arrest was issued, whereunder the plaintiff was arres'ed and imprisoned, has been finally and legally determined and ended before the commencement of this action;" and as to the defendant West, upon the additional ground that the complaint did not allege facts sufficient to constitute a cause of action as against him. The demurrer was sustained, and plaintiff appealed.

*Mr. T. W. Strange,* for plaintiff.
*Mr. Junius Davis,* for defendant.

DAVIS, J.: The substance of the allegation as to defendant West is that, at the request of defendant Harris, he signed the usual undertaking required in arrest and bail, and it is not alleged that he participated in the torts alleged, nor does it appear that he was in any way liable for them except as surety on said undertaking, which would be *ex contractu,* and the demurrer as to him must be sustained.

As to the other defendants, the complaint clearly and distinctly alleges, in substance, that the plaintiff was in the quiet and peaceable possession of certain real property which he believed to be his own, but to which the defendants also claimed title, and that the defendants, desiring to get speedy possession of the said property, without the risk and delay attending an action for the recovery of real property, con-

109 — 23

ceived and executed a plan to have the plaintiff removed from the possession by falsely and maliciously suing out a writ of arrest and bail for alleged slander of their title, and causing him to be arrested and imprisoned, and while so removed from the possession and imprisoned they entered upon the property, "broke open his house, removed and scattered his effects, leveled his house with the ground, shot and destroyed his hogs and poultry, and committed other acts of violence, abuse and spoliation."

The action of *Harris* v. *Sneeden,* in which the plaintiff in this action was taken under arrest and bail for "slander of title," was before this Court at its September Term, 1888 (101 N. C., 273), and the Court said it was *questionable* whether an action for slander of title was embraced by the statute on arrest and bail (*The Code,* § 290, *et seq.*), but the Court did not decide the question, and, for the reason presently to be stated, its decision is not necessary in this action.

It is proper to state that this Court sustained the judgment of the Court below in vacating the order of arrest, but the plaintiff in that action (defendants in this) had accomplished their purpose to get possession, while the defendant in that action (plaintiff in this) was in custody. The demurrer admits, for the purpose of this action, that Sneeden was in the quiet possession of the land and that he believed it to be his, and whether an action for slander of title could be maintained, or whether the true title was in the plaintiff or defendants, is immaterial to the question now before the Court, which is, whether the plaintiff can maintain this action without alleging the final legal determination of the action of the defendants against the plaintiff, in which the warrant or writ of arrest was issued and the plaintiff was imprisoned. This is not an action for malicious prosecution for an alleged crime in which it would be necessary to allege and show a judicial determination of the prosecution in favor of the accused. Every good citizen is interested in the suppression

of crime, and, if there be probable cause, may prosecute in the name of the State, and if the accused be adjudged guilty he will not be heard to complain of the prosecution, nor can he maintain an action against the prosecutor, whatever may have been his motive. This is an action for alleged malicious use and abuse of civil process.

But the counsel for the defendants says, "there is not the slightest proof (allegation) that the defendants gave the Sheriff any instructions not enjoined by the exigency of the writ which he had in his hands." This action is not against the Sheriff for abuse of the process in his hands, but against the defendants for having maliciously and fraudulently sued out a writ of arrest and bail for a purpose falsely alleged therein, when their real purpose, admitted by the demurrer, was not that named in the affidavit or process, but the ulterior object to get speedy possession of the land, and no instructions from them to the Sheriff were necessary. They expected that he, in the discharge of his duty, would arrest Sneeden under the writ which they had sued out, and thereby enable them to get possession of the land, and level Sneeden's house with the ground and destroy his property so that he could not regain or reoccupy it.

Counsel for the defendants says: "Let us take it that Harris recovered judgment against the plaintiff in the original action of slander of title in which the writ was issued. Such a judgment would establish, as against the plaintiff, that the land in dispute belonged to Harris; that this plaintiff had no interest in it, and had taken possession of it and set up title in himself, with the false and malicious intent to injure Harris. Then, if this action is sustained, we would have the singular spectacle of the plaintiff recovering damages from Harris because he basely and maliciously took possession of his own land after it had been left vacant in consequence of the lawful arrest and imprisonment of the plaintiff." It is true the Sheriff did no wrong in discharging his

duty and arresting Sneeden in obedience to the command of the writ; but does it follow that because it was the duty of the Sheriff to arrest under the writ, the defendants could lawfully sue out the writ to enable them to procure the arrest of Sneeden, not for the purpose named in the writ, but for the admitted ulterior, collateral purpose to get possession of the land in dispute as soon as it was made vacant by the arrest and imprisonment of the claimant in adverse possession, under the writ they had falsely and fraudulently sued out for that purpose, instead of instituting an action to try the title to the land in dispute and recover possession upon their title, if they had any? If in their affidavit for arrest and bail they had stated that their real, and it appears only, purpose was, as is admitted by the demurrer, to procure the arrest of Sneeden to enable them to get possession of the land in dispute, instead of the recovery of damages for slander of title, no writ could have issued and Sneeden could not have been lawfully arrested by the Sheriff. Counsel for the defendants fail to note the marked distinction between a prosecution for the malicious use and abuse of process for ulterior purposes not named in the process, and a prosecution for alleged crime. In the latter, there must be a final determination of the prosecution before an action for malicious prosecution can be maintained, and no citation of authority was needed for this; but in the former, this is not necessary. In the one, the public have an interest; in the other, the individual only. And while it is true, as a general rule of law, that imprisonment under legal process is not duress, yet if one falsely, maliciously, and without probable cause, procures the arrest and imprisonment of another on process legal and regular in form, and obtains thereby a deed from the party so arrested, such deed is void by reason of duress. *Watkins* v. *Baird*, 6 Mass., 506, and cases cited.

When an action is for the malicious abuse of legal process in order to compel a party to do a collateral thing or to accomplish an ulterior purpose, it is not necessary to allege that the process improperly employed is at an end. *Prough* v. *Entriken*, 11 Penn. St. Reports, 81, and the numerous cases there cited; *Grainger* v. *Hill*, 33 E. C. L., 328. Conceding that the defendants were the true owners of the property in dispute, the plaintiff was in possession claiming it as his own, and if, without any process, they had gone and taken forcible possession and demolished the house claimed by him and destroyed his property, as alleged, it will not be denied that they would have subjected themselves to both civil and criminal actions. Did the fact that they got possession by the fraudulent use of legal process justify their acts, or were they not aggravated by making the strong arm of the law the instrument by which they were enabled to perpetrate them? "The law is just and good," and entitled to the obedience of all, the strong as well as the weak, and cannot sustain the perversion of its process to shield lawlessness and wrong, or permit it to be made the tool of trickery and cunning. The defendants admit that their purpose was not that named in their affidavit, but to get speedy possession of the land by having the plaintiff arrested and removed from it by the Sheriff to enable them to enter upon it.

This case is distinguishable from that of *Hewitt* v. *Wooten*, 7 Jones, 182. In that case it did not appear that the writ was sued out for the purpose of extorting money or any ulterior purpose. In this case the ulterior and wrongful purpose is alleged and admitted, which brings it clearly within the principle laid down in *Grainger* v. *Hill, supra*, and sanctioned in *Hewitt* v. *Wooten*. Whether under the old practice the remedy of the plaintiff would have been trespass or case is now immaterial, as the old technical distinctions in the form of actions (as between trespass and case),

which so often perplex the profession, have been abolished (*The Code*, § 133), and the civil action, with its complaint stating clearly and concisely the facts constituting the cause of action, substituted (*The Code*, § 231, *et seq.*); and while the plaintiff's cause of action might have been more concisely stated, *utile per inutile non vitiatur*, and the demurrer must be overruled.

Let this be certified, to the end that the defendants may answer if they shall be so advised, and the action proceeded with according to law.

Error.