The facts are sufficiently stated in the opinion of the Court by MR. JUSTICE WALKER.
This action was brought to recover damages for the wrongful abuse of process, though it may be that there are sufficient allegations in the complaint, liberally construed, stating a cause of action for maliciously suing out an attachment. In the other action, the defendant in this case had alleged a good cause of action for (544) goods sold and delivered, and his affidavit for the attachment was based upon grounds sufficient to justify the issuing of the process. The attachment proceedings are not set out in the case, as they should have been if they were attacked for invalidity, and, therefore, we must assume that they were regular, as error is not presumed in this Court. The plaintiff really relies, for recovery of damages, upon an abuse of process, and there is not the slightest evidence of it.
There seems to be a misconception of the term, "abuse of process," and some think that because a plaintiff may bring an action to recover a debt, and by an allegation that defendant has absconded, or concealed himself to avoid the service of process, and so forth, has attached his property, that plaintiff has abused the process of the court, if the allegations of plaintiff prove to be false. But not so. If the action in which the attachment was issued in the case supposed was wrongful, in that it was not based on probable cause, and malicious, defendant is liable, because his action was unlawful, and the wrong is actionable; but his action may have been legal, and yet, if he uses any process, mesne or final, in the course of the litigation wrongfully, with a bad motive or intention, or if, after it was issued, he uses it for a wrongful purposed, taking advantage of his right to have it, he puts it to an unlawful use. Then we have quite a different remedy at hand.
The first cause of action was for maliciously suing out the attachment or maliciously prosecuting the attachment; the second, assuming even that the process was rightfully issued and based upon regular and lawful proceedings, is founded upon the idea that some foreign and false use is made of the process, the writ of attachment, for instance, as the ChiefJustice has so aptly put the case, in R. R. v. Hardware Co., 138 N.C. 175, where the plaintiff used the process to make an excessive levy upon plaintiff's property.
Much confusion as to the exact nature of these torts and their differential characteristics has grown out of the fact that the malicious suing out of process has been confounded with the malicious abuse of process. The latter will support an action even if the process was (545) lawfully issued, but in its execution has been illegally used. If this is not so, it results that the law has given two remedies for the same wrong, when one was all-sufficient. There is a marked distinction between the maliciously suing out of process and the abuse of that process when lawfully issued, as illustrated very clearly by our case. We *Page 444 
tried to state the distinction between the two causes of action in Jacksonv. Telegraph Co., 139 N.C. 347, the facts of which case sharply presented the essential difference between these two kinds of torts, accentuating the features of each, which easily indicated the dividing line between them. We there said, at p. 356: "An action for damages lies for the malicious abuse of lawful process, civil or criminal, even if such process has been issued for a just cause, and is valid in form, and the proceeding thereon was justified and proper in its inception, but injury arises in consequence of abuse in subsequent proceeding." 1 Jaggard Torts, 632-634. See the cases cited in the annotated edition of that volume.
The plaintiff in this case hardly states a cause of action for malicious prosecution, and if he has done so, there is absolutely no proof of it. The plaintiff proceeded in the orderly way to make service of the process by publication, proved his cause of action, and did everything else required by the law. The proceeding was regular in all its stages. The defendant in that action, plaintiff in this one, should have appeared and moved, upon affidavits or for other reasons appearing by the papers in the cause, to vacate the attachment, as being false in fact, or upon other legal grounds. The complaint, or affidavit, alleged enough to entitle plaintiff to an attachment, and we must assume that when the court upheld the attachment, in that action, it found such facts, if not set forth in writing, as sustained its judgment. Lumber Co. v. Buhmann, ante, 385. The defendant in that suit, plaintiff in this, is concluded or estopped by his inactivity from asserting that he was not given a fair chance in the progress of that cause. The facts show conclusively that he was negligent at every turn in the case, and was the blame for his loss or damage, if any, lies at his own door, and was the result of his own remissness. There is not the slightest proof of malice or improbable (546) cause, as we construe the evidence, but, on the contrary, very suspicious circumstances tending to show that plaintiff in this action and defendant in the former suit intended to hinder, delay, and defeat plaintiff and his other creditors, by concealing him self to avoid the service of process and removing his goods. Honest men do not act the way he did. The former case proceeded regularly, in an orderly manner and according to the statute, and there was no misuse of any process, mesne or final. The plaintiff, if he has any at all, has misconceived his cause of action, and we cannot help him.
Mr. Alexander has presented his client's case very ably and learnedly, in his well prepared brief, but he did not have sufficient facts with which to win a verdict for him, and we must decide upon the facts.
We hope learned counsel will note the distinction between unlawfully and maliciously suing out an attachment or other process, and the *Page 445 
wrongful abuse of process. The line of demarcation is well defined. An abuse of process consists in its employment or use for some unlawful purpose, which it was not intended by the law to effect, and amounts to a perversion of it. It is not the illegality or maliciousness of legal proceedings leading up to it, which forms the basis of a distinct cause of action for its abuse, which is independently actionable, when the process itself is used for an unlawful or oppressive purpose, or is used to coerce or harass the defendant. Lockhart v. Bear, 117 N.C. 304; Sneedenv. Harris, 109 N.C. 357; Perry v. Tupper, 71 N.C. 380; Hewittv. Wooten, 52 N.C. 184; Kirkman v. Coe, 46 N.C. 428; R. R., v. HardwareCo., 135 N.C. 73 (s. c., 138 N.C. 175, and 143 N.C. 54); Jacksonv. Telegraph Co., 139 N.C. 347; Ely v. Davis, 111 N.C. 26;Grainger v. Hill, 4 Bing. N.C. 212 (33 E. C. L., 328). The latest case is Ludwick v. Penny, 158 N.C. 104, at p. 111, where we said: "Speaking of the malicious abuse of process, he (Judge Cooley) distinguishes it from a malicious civil suit, where there is an interference with property or business, as follows: `If process, either civil or criminal, is willfully made use of for a purpose not justified by the law, this is abuse for which an action will lie. The following are illustrations: Entering a judgment and suing out an attachment for an amount (547) greatly in excess of the debt; causing an arrest for more than is due; levying an execution for an excessive amount; causing an arrest when the party cannot procure bail and keeping him imprisoned until, by stress thereof, he is compelled to surrender property to which the other is not entitled. In these cases, proof of actual malice is not important, except as it may tend to aggravate damages; it is enough that the process was willfully abused to accomplish some unlawful purpose. Two elements are necessary to an action for the malicious abuse of legal process: First, the existence of an ulterior purpose, and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process. In a suit for malicious abuse of process it is not necessary that there should have been a termination of the suit in which the process was issued, nor a want of probable cause for the suit.' Cooley on Torts, p. 354 et seq. The distinction is clear; one consists in commencing and prosecuting a suit maliciously, and interfering with property or business, and the other consists in the willful, unlawful, and wrongful use of the process itself."
We can see nothing in this case but a plain action of debt, with the ancillary remedy of attachment, properly constituted and conducted. If the plaintiff lost anything in that suit, his failure, as we have said, is imputable to his own fault, for which no action lies. No man can base *Page 446 
a cause of action upon his own laches. Plaintiff in this action had at least two remedies by which to redress his supposed wrong. He could have moved to vacate the attachment under The code and recovered his damages out of the bond, or he could have sued for a wrongful and malicious attachment, if there was not probable cause for resorting to the writ and he had vacated it. There is no "wrongful abuse of process," in the technical sense, alleged or shown in this case. It would be necessary, in order to recover for malicious prosecution or maliciously and wrongfully suing out of the attachment, to show that the suit had been terminated favorably to plaintiff in this suit, at the time the action was commenced. Defendant's suit may have been unlawful, and the (548) allegations upon which it was based may have been false in fact, but he pursued the regular and usual procedure of the law. There was no abuse of process in the sense of an unlawful use of it, that is, where it is employed for some wrongful purpose, not intended or contemplated by the law; in other words, a perversion of it. Lockhart v. Bear, supra;Sneeden v. Harris, supra; Ludwick v. Penny, 158 N.C. 104; Jacksonv. Telegraph Co., 139 N.C. 347. Kirkman v. Coe, 46 N.C. 428, andAbrams v. Pender, 44 N.C. 261, were actions on the case for maliciously suing out an attachment, and not for the unlawful abuse of process. If a litigant has a capias, or warrant of attachment, or an execution or other mesne or final process, and wrongfully uses it, that is, in a way not designed by the law, but to injure and oppress another, as, for example, to extort money from him, or to commit any other wrong to his prejudice, it is an illegal abuse of process, and in that case it makes no difference whether the suit in which the process issued has been determined or not, or how it ended, whether for or against the wronged party. The damage is done at once with the process, and the injuria or complete cause or right of action comes into being instantly. The process may have lawfully and rightfully issued, and yet be abused. The idea clearly marks the difference between abuse of process and malicious prosecution or wrongful and malicious attachment. The distinction is well drawn by Judge Battle, in Hewitt v. Wooten,52 N.C. 182, which was held to be an action on the case for malicious arrest or malicious prosecution. He said that plaintiff's allegations, upon which he recovered, may have been false and maliciously so, but he adds in this case, "There is not the slightest proof that the defendants gave the sheriff any instructions, not enjoined by the exigency of the writ, which he then had in his hands." He cites and comments upon the leading English case of Grainger v. Hall, 4 Bing. N.C. 212 (33 Eng. Com. Law, 328), as follows: "After the plaintiff had proved the facts, alleged in his declaration, it was objected that he could not recover, because he had not shown that the suit commenced *Page 447 
by the defendant had been terminated. Tindell, C. J., said: `The answer to this objection was, that the action was for an abuse of the process of the law, by applying it to export property from the (549) plaintiff, and not an action for a malicious arrest, or malicious prosecution. The learned Chief Justice then draws the distinction between the two kinds of action thus: `In the case of a malicious arrest, the sheriff, at least, is instructed to pursue the exigency of the writ; here the directions given to compel the plaintiff to yield up the register were not part of the duty enjoined by the writ. If the course pursued by the defendant is such that there is no precedent of a similar transaction, the plaintiff's remedy is by an action on the case, applicable to such new and special circumstances; and his complaint being that the process of law has been abused, to effect an object not within the scope of the process, it is immaterial whether the suit, which that process commenced, has been determined or not, or whether or not it was founded on reasonable and probable cause.' Bosanquet, J., said: `This is not an action for a malicious arrest or prosecution, or for maliciously doing that which the law allows to be done; the process was enforced for and ulterior purpose, to obtain property, by duress, to which the defendant had no right. The action is not for maliciously putting process in force, but for maliciously abusing the process of the court.' Park andVaughan, J J., expressed themselves to the same effect." If a person should sue out a writ for to the purpose of using it in extorting money, and he so uses it, a case for unlawful abuse of process is presented.Hewitt v. Wooten, supra. But not so where, in prosecuting his action for the recovery of money due to him, as is the case here, he pursues, in the usual way, only the ordinary and regular processes of the law. In the latter case, in order to constitute an actionable malicious prosecution, there must be shown both malice and want of probable cause. Malice alone will not do; they must concur, but, from lack of probable cause; malice is implied or inferred by the jury as a fact, or, to put it differently, want of probable cause is evidence of malice. 26 Cyc., 21. Plaintiff must also aver and prove, as an additional element, the favorable termination of the former prosecution, for until such original proceeding has been so finally ended, there is no remedy, because there is no wrong, the process being valid and lawful until set aside, and questions concerning want of probable cause and malice are (550) immaterial. 29 Cyc., pp. 55 and 56; Kirkman v. Coe, supra;R. R. v. Hardware Co., 138 N.C. 175. There is a suggestion made inKirkman v. Coe, supra, which seems contrary to what Chief JusticeTindall said in Grainger v. Hall, supra, viz., that it is only necessary to prove a want of probable cause in an action for maliciously suing out an attachment, or any other extraordinary process, and upon the ground *Page 448 
that, when one in the assertion of a civil right resorts to an extraordinary process, without probable cause, and thereby injures his neighbor, there is no reason of public policy upon which to excuse him, and this idea is accepted as correct in R. R. v. Hardware Co., supra; but we do not think, with all possible deference to the opinion of the great Chief Justice, that the expression is accurate, or that the rule is stated with his usual nicety. What is meant, we presume, is that where a want of probable cause is established, the law will sometimes presume the legal malice necessary to support the action, that is, that kind of malice which, according to the famous and generally accepted definition of Justice Bailey in Bromagev. Prosser, 10 Eng. Com. Law, 321, consists in a wrongful act intentionally done and without just and lawful cause or excuse. This is legal malice, as distinguished from express or actual malice, and is sufficient to support the action. When plaintiff seeks to recover punitive damages, he must show actual malice, or something more than technical malice. The distinction is well marked in Stanford v. GroceryCo., 143 N.C. 419, where it is said substantially (by Justice Hoke) that, in an action for malicious prosecution, there must be shown that an action or proceeding has been instituted, without probable cause, from malice, and that damage has resulted therefrom, and, in addition, that the proceeding complained of has been terminated in favor of the defendant in that proceeding, while in an action for malicious abuse of process there must be shown an ulterior purpose and some act done with the process, not proper in its regular and ordinary use — a willful perversion or misuse of the process to effect some collateral end. In such a case it is not necessary to show a want of probable cause or the (551) termination of the former action. It is a settled rule that if a man prosecutes another for real guilt, however malicious his motives may be, he is not liable in damages for malicious prosecution, nor is he liable if he prosecutes him for apparent guilt, arising from facts and circumstances which he himself believes to exist. Plummer v. Gheen,10 N.C. 66; Stanford v. Grocery Co., supra. It is said in 1 Jaggard on Torts, pp. 632-634: "An action for damages lies for malicious abuse of lawful process, civil or criminal, even if such process has been issued for a just cause, and is valid in form, and the proceeding thereon was justified and proper in its inception, but injury arises in consequences of abuse in subsequent proceedings." Jackson v. Telegraph Co., 139 N.C. 347;Dickey v. Johnson, 44 N.C. 405. Not so in an action for malicious prosecution, for in Ely v. Davis, 111 N.C. 24, the Court said, JusticeMacRae writing its opinion: "It is essential to the maintenance of an action for malicious prosecution that the complaint should contain an averment of the want of probable cause, or a statement of facts which, if proved, would establish a want of probable cause." *Page 449 
We are not inadvertent to the fact that several cases, decided in other jurisdictions, hold that there is an exception to the general rule we have stated, that the prior suit must have been terminated favorably to the plaintiff in an action for malicious prosecution, the exception being that where the former proceedings were ex parte, and the defendant in them had no opportunity of being heard, as, for example, in cases of malicious attachment, the rule does not apply. 26 Cyc., 57 and notes 15 and 17. We have examined the cases cited in note 17, and find that most of them were founded upon facts which would constitute an unlawful abuse of process, as an excessive levy under a warrant of attachment, not for the legitimate purpose of collecting the debt, but to harass and oppress the defendant therein. Zinn v. Rice, 154 Mass. 1, which is like the case in this Court of R. R. v. Hardware Co., 143 N.C. 54 (opinion by the ChiefJustice), in which it was held that an excessive levy under an attachment was a wrongful abuse of the process, the Chief Justice saying: " `If process, either civil or criminal, is willfully made use of for a purpose not justified by the law, this is an abuse for which an action (552) will lie.' 1 Cooley Torts (3 Ed.), 354. `Two elements are necessary: first, an ulterior purpose; second, an act in the use of the process not proper in the regular prosecution of the proceeding.' Ib., 355; 1 Jaggard Torts, sec. 203; Hale on Torts, sec. 185. `An abuse of legal process is where it is employed for some unlawful object which is not the purpose intended by law. It is not necessary to show either malice or want of probable cause, nor that the proceeding had terminated, and it is immaterial whether such proceeding was baseless or not.' Mayer v. Walter, 64 Pa. St., 283," citing, also, Jackson v. Telegraph Co., 139 N.C. 356. The decisions in some of the cases referred to in note 17 seem to have been influenced by local regulations, as in the case of Allsop v. Ledden,130 Ala. 548, following Brown v. Master, 104 Ala. 463, the statute in that State, in the language of Justice Tyson, providing that the defendant cannot "deny or put in issue the cause for which the attachment issued" (Ala. Code, sec. 2999; Code of 1896, sec. 565), and the nonexistence of the statutory ground for issuing the warrant must, therefore be shown dehors the record. This is not so in our State. The case ofFortman v. Rottier, 8 Ohio St. 548, more nearly decides that, in the case of a malicious issuing of an attachment as an ancillary remedy, it is not necessary to aver or prove that the former suit terminated adversely to the plaintiff in it. But the court relied mainly upon the authority ofGrainger v. Hall, 33 E. C. L., 338, which we have already shown was an action for the abuse of process. The declaration in the Grainger case
shows clearly that it was not for an ordinary malicious prosecution, but for an unlawful abuse of process. Plaintiff was on the eve of sailing from port in his smack, of which he was the master, and, as the declaration *Page 450 
runs, upon plaintiff refusing to comply with an unjust demand for goods not embraced in the mortgage given by plaintiff to secure his debt to defendants, on pain of being refused the proper registry or clearance for sailing, or to submit to any unlawful exaction by them, the latter thereupon, "wrongfully and unjustly contriving and intending, as aforesaid, to imprison, harass, oppress, injure, and impoverish the plaintiff, and to cause and procure him to be arrested and imprisoned, and (553) to prevent his making and prosecuting any voyages in his smack or vessel, and wholly to ruin the plaintiff thereby, they, well knowing that plaintiff was entirely unprepared and unprovided with bail," falsely and maliciously caused the arrest of plaintiff, under a writ of capias, which they had caused "to be sued and prosecuted out of the Court of our Lord the King of the Bench at Westminster," for the purpose of using it, not to collect an honest debt in a legal way, but to wrong and oppress the plaintiff. This case is much like that of Jackson v.Telegraph Co., supra, which was decided by this Court, and has several times been cited by us as authority upon the subjects of the "abuse of process."
The precise point in the case of Grainger v. Hall will appear from the headnote, which is as follows: "Placing a party under restraint of a sheriff's officer who holds a writ of capias is an arrest, without proceeding to actual contact. In an action for abusing the process of the court in order illegally to compel a party to give up his property, it is not necessary to prove that the action in which the process was improperly employed has been determined, or to aver that the process was sued out without reasonable or probable cause." So we do not think it sustains the conclusion of the Court in Fortman v. Rottier, supra, nor are we satisfied with or convinced by the reasoning in that case. Judge Sutliff
filed a dissenting opinion, which seems to us to be a full and complete answer to the argument of the Court in support of its decision. He said: "I cannot perceive a want of analogy between the causes of action for maliciously commencing the suit without cause against a defendant, and for that of maliciously suing out an attachment against a defendant without cause." He reasons thus: "Suppose, further, that in the civil suit the plaintiffs below had offered to prove to the court that the cause of action alleged against them was utterly groundless and fraudulent, and also had offered the same proof to dissolve the attachment upon the same motion, and suppose the justice to have refused to admit the proof of plaintiffs, either against the right of action or the right of attachment; it seems to me that in such a case there is no reason for holding the plaintiffs precluded in their right of action for instituting the suit against them which does not equally obtain to preclude their (554) right of action for suing out the attachment against them. If the *Page 451 
suit were destitute of merits, the defendants might appear and defeat the same. If the attachment was improperly sued out, they had the same right to appear and defeat the same, and procure its dismissal. But it is said they were not bound to move for the dismissal of the attachment. Nor were they bound to defend the suit commenced without cause and maliciously against them. The plaintiffs below might have been seriously injured by the commencement of a suit in the case supposed; perhaps as seriously injured as they could have been by an attachment being sued out. Suppose a case where a merchant, with a limited credit, and indispensably necessary to be preserved for his success in business, were sued for a large pretended debt, for the purpose of destroying his credit. The very commencement of the suit might have ruined him in his business; yet we all agree no action could be maintained for the wrong unless the injured party could aver and show that such suit was terminated without a recovery. "I confess I can see no reason for not applying the same rule to cases of attachment wherever the party had an opportunity of defending against the alleged wrongful proceeding against him. I hold the law to be that he must aver and show the dismissal or termination of such legal proceedings, in his favor, as indispensably necessary to entitle him to a recovery for such alleged wrongful prosecution against him." He cites strong authority for his position, and we agree in his conclusion. At least that has been the law of this State, as will appear by our decisions upon the question. A case directly in point is Kramer v. Light Co., 95 N.C. 277. That case decided that "the wrong or injury cannot be complete until the action or the provisional remedy has been heard and determined, and then only will the cause of action accrue." A defendant can move to vacate the attachment, under our Code, by notice and motion, and then he can have a full opportunity to be heard, as much so as in the principal suit, though the method of hearing it may be different. The case of R. R. v.Hardware Co., supra, sustains this view of the matter. The plaintiff in the case at bar has not averred or proved the termination of (555) the other action favorably to him. But we do not think he has shown the presence of malice or the absence of probable cause for instituting the former suit. The essential facts of this case are the same as those of Williams v. Hunter, 10 N.C. 545. The intimation of the Court, which induced the nonsuit, was correct.
No error.
Cited: Carpenter v. Hanes, 167 N.C. 554; Jerome v. Shaw, 172 N.C. 862. *Page 452