BARNHILL, J., joins in this opinion.

─────────

THURMAN ELLIS v. ELMER J. WELLONS.

(Filed 3 May, 1944.)

**1. Process § 15—**

Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. The abuse may be of civil or criminal process. Its distinctive nature is its improper use after it has been issued, and not for maliciously causing it to issue.

**2. Same—**

There are two essential elements for an action for abuse of process, (1) the existence of an ulterior motive, and (2) an act in the use of the process not proper in the regular prosecution of the proceeding.

**3. Process § 16—**

 In a civil action for damages, based on abuse of process, where plaintiff's evidence tended to show that defendant procured the issuance of a warrant against plaintiff for disposing of mortgaged property and offered not to have it served if plaintiff would pay the amount claimed by defendant, and that, after plaintiff's arrest under the warrant and imprisonment, defendant offered to procure his release if plaintiff would pay or work out the amount claimed, there is sufficient evidence of motive and intent to carry the case to the jury and motion for judgment as of nonsuit was properly denied.

**4. Same—**

 While there is a definite distinction between an action for malicious prosecution and an action for abuse of process in that, among other things, in the former want of probable cause is a requisite and not in the latter, the evidence may be competent on both causes of action.

**5. Trial § 29b—**

 An exception, simply to the general failure of the court to state the evidence in a plain and correct manner and explain the law arising thereon, is too general and cannot be sustained.

**6. Trial § 32—**

 Any omission to state the evidence or to charge in any particular way should be called to the attention of the court before verdict, so that the judge may have an opportunity to correct the oversight.

STACY, C. J., dissenting.

WINBORNE and DENNY, JJ., concur in dissenting opinion.

APPEAL by both plaintiff and defendant from *Hamilton, Special Judge,* at November Term, 1943, of WAKE.

The complaint in this action alleges three causes of action, namely, (1) malicious prosecution, (2) false imprisonment, and (3) abuse of process. The jury answered the issues in the first cause of action alleged, namely, malicious prosecution in favor of the defendant. The court sustained a demurrer *ore tenus* to the second cause of action alleged, or attempted to be alleged, namely, false imprisonment. The jury answered the issues in the third cause of action alleged, namely, abuse of process in favor of the plaintiff.

From judgment in the action for abuse of process in favor of the plaintiff, predicated on the verdict, the defendant appealed, assigning errors. The plaintiff appealed from action of the court in sustaining the demurrer *ore tenus* to the cause of action for false imprisonment, and from the rulings by the court in the course of the trial of the action for malicious prosecution.

*W. L. Spencer, James R. Pool, and Louis L. Levinson for plaintiff.*
*Parker & Lee for defendant.*

SCHENCK, J.   We will first discuss the defendant's appeal, since the conclusion we have reached thereon renders any extensive discussion of the plaintiff's appeal supererogatory.

The defendant seriously presses his assignments of error addressed to the refusal of the court to allow his motion in the alleged cause of action for abuse of process for a judgment as in case of nonsuit lodged when the plaintiff had introduced his evidence and rested his case and renewed after all the evidence on both sides was in.   C. S., 567; G. S., 1-183.

"Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ.   In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured.   A power conferred by legal process may not be abused or exercised with unreasonable indignity or oppressive hardship to another.   The abuse may be of civil or criminal process."   1 Am. Jur., Abuse of Process, par. 2, p. 176.   The distinctive nature of an action for abuse of process is the improper use of process after it has been issued, and not for maliciously causing it to issue.   Where the process has been lawfully issued and has subsequently willfully been perverted so as to accomplish a result not commanded by it or lawfully obtainable under it the action for abuse of process lies.   *Griffin v. Baker,* 192 N. C., 297, 134 S. E., 651, and cases there cited.   There are two essential elements for an action for abuse of process, (1) the existence of an ulterior motive, and (2) an act in the use of the process not proper in the regular prosecution of the proceeding.   *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577.   Measured by this standard, there was sufficient evidence in the case at bar to be submitted to the jury and to sustain the verdict rendered.

It was admitted that the defendant procured the arrest and prosecution of the plaintiff.   The plaintiff testified that he did not owe the defendant any amount and that when he (plaintiff) refused to pay him (defendant) the amount claimed, the defendant procured the warrant from the clerk of the recorder's court charging the plaintiff with having disposed of a crop of tobacco, after executing an agricultural lien thereon without applying the proceeds in payment of such lien, with intent to defeat the rights of the defendant, lienee, and had the plaintiff arrested and incarcerated thereunder; that after such warrant was issued the defendant told plaintiff he would not have it served if plaintiff would pay the defendant what he claimed was due to him by plaintiff; and after plaintiff had been arrested and lodged in jail upon said warrant,

and while he was in jail, the defendant came to him and told plaintiff that he, defendant, would procure his release if he, plaintiff, would agree to pay him, defendant, the amount he claimed, and further, he, defendant, would procure plaintiff's release if he would agree to go to Fayetteville and work in defendant's guano plant and there work out the amount claimed. This was evidence that the motive of the defendant was to collect what he claimed was due him from the plaintiff, which was an ulterior motive, a motive foreign to the only legitimate purpose for which the warrant could have issued, namely, to punish the person charged for the commission of the offense against which the law inveighs. This was not only evidence of an ulterior motive, bad intent or wicked purpose, but also evidence of such motive, intent or purpose finally culminating in an abuse, which is the gist of the action. *Carpenter v. Hanes, supra.* The testimony of the plaintiff likewise furnishes evidence of acts in the use of the process, after its issue, which were not proper in the regular prosecution of the proceeding.

While it is true the defendant's testimony contradicted in part and denied in part the plaintiff's testimony, such variance presented issues of fact for the jury and not solely questions of law for the court, and rendered the demurrer to the evidence, and the assignments of error based thereon, untenable.

The defendant also stresses assignments of error based upon the contention that the charge of the court did not comply with C. S., 564; G. S., 1-180, in that it failed to properly declare and explain the law arising on the evidence.

It should first be observed that the exceptions to the charge upon which these assignments of error are based are not made in strict accord with Rule 28, Rules of Practice in the Supreme Court, 221 N. C., pp. 564-5, but passing this apparent failure to comply with the rule, we do not concur in the position taken by the defendant that the charge fails to comply with the statute, since it presents the principal features of the evidence relied upon by the respective parties, states the positions taken by them, and declares and explains the law arising on the evidence. *S. v. Graham,* 194 N. C., 459, 140 S. E., 26. An exception simply to the general failure of the judge to state in a plain and correct manner the evidence and declare and explain the law arising thereon is too general and cannot be sustained. *Jackson v. Lumber Co.,* 158 N. C., 317, 74 S. E., 350.

"Besides, any omission to state the evidence or to charge in any particular way, should be called to the attention of the court before verdict, so that the judge may have opportunity to correct the oversight. A party cannot be silent under such circumstances and, after availing himself of the chance to win a verdict, raise an objection afterwards.

He is too late. His silence will be adjudged a waiver of his right to object. The subject is fully discussed in *Simmons v. Davenport,* 140 N. C., 407." *Davis v. Keen,* 142 N. C., 496, 55 S. E., 359. In the case at bar no special instructions were prayed and no omission of evidence, nor error in the stating thereof, was called to the attention of the court by the defendant. The court directed the attention of the jury to the principal questions which were under investigation and explained the law applicable thereto. This was all required of him by the statute in the absence of prayers for special instructions.

The defendant advances the argument that since the jury failed to find the absence of probable cause for the prosecution of the plaintiff by the defendant upon the charge of disposing of crops upon which a lien existed without settling with the lienee, and thereby denied the plaintiff's alleged cause of action for malicious prosecution, the plaintiff was thereby also denied the right to recover on his alleged cause of action for abuse of process, and for that reason the court erred in failing to instruct the jury not to consider the evidence applicable to the first cause of action in considering the issues as to the second cause of action. This argument is untenable for the reason that while there is a definite distinction between an action for malicious prosecution and an action for abuse of process in that, among other things, in the former want of probable cause is a requisite and not in the latter, the same evidence may be competent on both causes of action.

It appears in his Honor's charge that "it was agreed by counsel on both sides that I need not review it (the evidence)." However, we are of the opinion that the court stated the evidence with sufficient fullness to enable the court to present every substantial and essential feature of the case, and to declare and explain the law arising thereon. If the defendant desired any fuller explanation on some subordinate feature of the case, or upon some particular phase of the evidence, he should have aptly tendered prayers for special instructions relating thereto. *School District v. Alamance County,* 211 N. C., 213, 189 S. E., 878.

Viewing the charge as a whole and considering it contextually, we find no prejudicial error therein.

On the oral argument counsel for plaintiff stated that if no error was found on defendant's appeal, the plaintiff did not care to pursue further his appeal. Accordingly, since we are affirming the judgment below, the appeal of the plaintiff is treated as withdrawn. The judgment of the Superior Court is affirmed.

No error.

STACY, C. J., dissenting: An offer to alleviate a writ is not to abuse the process, and that's all that is left on this record after eliminating

the first cause of action which was resolved in favor of the defendant. and from which neither side has appealed. The rest is *brutum fulmen,.* "harmless thunder." *Finance Corp. v. Lane,* 221 N. C., 189, 19 S. E. (2d), 849; *Wright v. Harris,* 160 N. C., 543, 76 S. E., 489; *Ludwick v. Penny,* 158 N. C., 104, 73 S. E., 228. Speaking to a similar situation in *Stanford v. Grocery Co.,* 143 N. C., 419, 55 S. E., 815, it was said :: "While the complaint endeavors to set up two causes of action, as a matter of fact the testimony only discloses one—that for malicious prosecution—and the allegations purporting to be a second cause of action amount to nothing more than the assertion of a bad motive prompting the first."

Conceding the defendant's purpose was to collect a debt, this goes only to the motive, which is not enough in an action for abuse. *Martin v. Motor Co.,* 201 N. C., 641, 161 S. E., 77; *Abernethy v. Burns,* 210 N. C., 636, 188 S. E., 97; *Wright v. Harris, supra; Stanford v. Grocery Co., supra; Roberts v. Danforth,* 92 Vt., 88, 102 Atl., 335; *Bonney v. King,* 201 Ill., 47, 66 N. E., 377. To make out his case, the plaintiff must aver and prove irregular steps taken under cover of the process after its issuance, and injury resulting therefrom. *Italian Star Line v. U. S. Shipping Bd. E. F. Corp.,* 53 Fed. (2d), 359, 80 A. L. R., 576. "This action for the abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue. . . . The bad intent must finally culminate in the abuse for it is only the latter which is the gist of the action"—*Walker, J.,* in *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577. "An abuse of process consists in its employment or use for some unlawful purpose, which it was not intended by the law to effect, and amounts to a perversion of it." *Wright v. Harris, supra.*

Malicious prosecution consists in the origination of a groundless prosecution, while abuse of process consists in its perversion after issuance.

On the first cause of action, the jury has found "probable cause" for issuing the warrant. *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446. The issue of abuse of process was answered against the defendants on the theory that if the defendant's purpose was to collect a debt, rather than to prosecute the plaintiff for a violation of the criminal law, "that would amount to an abuse of process." *Ledford v. Smith,* 212 N. C., 447, 193 S. E., 722; Note, 16 N. C. L., 277. The law is otherwise when probable cause exists for issuing the writ, and no perversion is shown. *Tucker v. Davis,* 77 N. C., 330; *Glidewell v. Murray-Lacy & Co.,* 124 Va., 563, 98 S. E., 665, 4 A. L. R., 225; *Jeffrey v. Robbins,* 73 Ill. App., 353; Anno. 86 Am. St. Rep., 397, *et seq.;* Anno. 80 A. L. R., 580; 1 Am. Jur., 178; 50 C. J., 612, *et seq.* As said in *Plummer v. Gheen* (1st syllabus), 10 N. C., 66, 14 Am. Dec., 572: "If

a man prosecute another from real guilt, however malicious his motives may be, he is not liable in an action for malicious prosecution; nor is he liable if he prosecute him from apparent guilt arising from circumstances which he honestly believes."

The essentials of an action for abuse of process, as distinguished from one for malicious prosecution, are purposely left indefinite by the courts. Anno. 86 Am. St. Rep., 397. Perhaps the main reason for this is to afford a remedy in cases of actionable injury resulting from the improper use of judicial process which may not come within the narrow confines of an action for malicious prosecution. 1 Am. Jur., 178; 50 C. J., 612. Thus an action for abuse of process has been held to lie for an excessive levy or needlessly harsh execution, *Barnett v. Reed,* 51 Pa., 190, 88 Am. Dec., 574; greatly disproportionate attachment, *Zinn v. Rice,* 154 Mass., 1, 27 N. E., 772, 12 L. R. A., 288; seizure of exempt property, *Nix v. Goodhill,* 95 Iowa, 282, 58 Am. St. Rep., 434; injury to property attached or improper eviction, *Bradshaw v. Frazier,* 113 Iowa, 579, 85 N. W., 752, 55 L. R. A., 258, 86 Am. St. Rep., 394; oppressive treatment of one in custody, *Wood v. Graves,* 144 Mass., 365, 11 N. E., 567, 59 Am. Rep., 95; extortion by means of arrest, *Sneeden v. Harris,* 109 N. C., 349, 13 S. E., 920; *Hewit v. Wooten,* 52 N. C., 182; *Lockhart v. Bear,* 117 N. C., 298, 23 S. E., 484; *Grainger v. Hill* (Eng.), 4 Bing. N. C., 212; and one may be held liable for making an arrest in an unauthorized manner, *Read v. Case,* 4 Conn., 166, 10 Am. Dec., 110; Anno. 86 Am. St. Rep., 397, *et seq.* In a number of cases, it is said that two elements must concur in order to give rise to an action for abuse of process: First, an ulterior purpose; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. *R. R. v. Hardware Co.,* 143 N. C., 54, 55 S. E., 422; Cooley, Torts (3rd Ed.), 355. In addition, the plaintiff must show damage from the irregular act. Bigelow, Torts (8th Ed.), 232.

The present case, stripped of any malicious prosecution, falls in none of the foregoing categories. My vote is for a reversal.

WINBORNE and DENNY, JJ., concur in dissenting opinion.