RAILROAD COMPANY v. HARDWARE COMPANY.

(Filed November 13, 1906).

*Malicious Prosecution—Abuse of Process—Profits—Measure of Damages—Evidence—Wrongful Attachment—Probable Cause—Advice of Counsel.*

1. In an action for damages growing out of an attachment of plaintiff's cars, alleging malice and want of probable cause and that the attachment of ten cars was excessive and an abuse of process of the Court, evidence of profits which the plaintiff might have made from hiring its cars was properly excluded as speculative damages.

2. The true measure of damages in such a case is the interest upon the value of the cars, increased or diminished, as the case might be, by the difference between the deterioration of the cars if in daily use, and their deterioration while wrongfully tied up, provided plaintiff could not have avoided injury from the attachment by giving bond and retaining possession of its cars.

3. In an action for damages for alleged wrongful and malicious attachment of plaintiff's cars, the Court erred in refusing to admit the testimony of the agent of the company, which was surety on the prosecution bond in this action, that for the payment of $10 it would have signed a replevy bond to secure release of the cars attached.

4. In cases of contract, as well as in tort, it is generally incumbent upon an injured party to do whatever he reasonably can to improve all reasonable and proper opportunities to lessen the injury. He must not remain supine, but should make reasonable exertions to help himself, and thereby reduce his loss and diminish the responsibility of the party in default to him.

5. In an action for damages for alleged wrongful and malicious attachment of plaintiff's property, where the general manager of defendant testified that the party who bought the goods told him that they were for the use of and bought for the account of plaintiff; that he had no reason to disbelieve this statement; that the former action was instituted in good faith, believing the present plaintiff owed the debt for which the property was attached; that he submitted all the facts to his counsel and acted upon his advice, and that he had no idea what property the Sheriff had attached: *Held,* that the Court erred in charging the jury that if they believed the evidence they would find that the attachment was issued without probable cause.

6. Where the defendant laid all the facts before his counsel and sued out the attachment under his advice, this is evidence to rebut the allegation of malice.

7. Where the officer levied an attachment on an excessive quantity of property, the plaintiff in the attachment is not liable for the abuse unless he in some way advised, directed or encouraged such action.

8. In an action for malicious prosecution, it is necessary to show (1) malice, (2) want of probable cause, (3) and that the former proceeding has terminated. In an action for abuse of process, it is not necessary to show either of these three things, but two elements are necessary: first, an ulterior purpose; second, an act in the use of the process not proper in the regular prosecution of the proceeding.

ACTION by Pittsburg, Johnstown, Ebensburg and Eastern Railroad Company against Wakefield Hardware Company, heard by *Judge Fred Moore* and a jury, at the August Term, 1906, of the Superior Court of GUILFORD.

This case was here, 135 N. C., 73, when a demurrer for misjoinder was sustained because the surety on the attachment bond had been joined as defendant. It was again here, 138 N. C., 174, when a demurrer to the complaint was overruled. The defendant had instituted an action against the Coke and Coal Company, a corporation of this State, for the recovery of $415 for car material, and joined the plaintiff herein, a railroad company incorporated in Pennsylvania, as co-defendant. The two companies had at that time the same officers and nearly the same stockholders, and the material had been used on the latter's cars. The complaint alleged that the material was bought for said railroad company, in fact, as an undisclosed principal. In said attachment ten of the defendant's cars were attached, and it not offering to give bond, the said ten cars were held two years, when the attachment was dissolved. This action was brought for damages, alleging malice and want of probable cause and that the attachment of the ten cars was excessive and an abuse of the process of the Court. Both plaintiff and defendant appealed.

*J. T. Morehead, W. H. Carroll* and *Scott & McLean* for plaintiff.

*Taylor & Scales* for defendant.

### PLAINTIFF'S APPEAL.

CLARK, C. J., after stating the case: The plaintiff sought to show that for the ten cars attached it should recover what the cars would have earned by way of rental or car toll. It was in evidence that the plaintiff's road is only seventeen miles long, but that it owns a large stock of cars and its principal business was the hiring or mileage of its freight and coal cars used on other roads, in short, as its counsel somewhat felicitously expressed it, its chief business was that of a "railroad livery-stable"—hiring out conveyances. His Honor properly excluded the evidence of profits which the plaintiff might have made for hiring its cars, because that would be speculative damages. *Sharpe v. Railroad,* 130 N. C., 614. The true measure of damages is the interest upon the value of the cars, increased or diminished, as the case might be, by the difference between the deterioration in the cars, if in daily use, and their deterioration while wrongfully tied up, provided, of course, the plaintiff could not have avoided all injury from the attachment by simply giving bond—as it is shown that it was amply able to do—and retaining possession of its cars.

No Error.

### DEFENDANT'S APPEAL.

CLARK, C. J. It was error to refuse to admit the testimony of the agent of the company which was surety on the prosecution bond in this action, that for a payment of ten dollars it would have signed a replevy bond to secure release of the ten cars when attached. Though it may not be the duty of a defendant in all cases to execute a replevy bond, it would be preposterous to justify non-action whereby the plaintiff

claims it has lost $4,750 rental of cars, when it was a perfectly solvent company, owing no debts, as its president testified, and could at a petty expense, and probably without any at all, have given bond and retained possession of its cars. "The rule, in brief, is that in cases of contract, as well as in tort, it is generally incumbent upon an injured party to do whatever he reasonably can to improve all reasonable and proper opportunities to lessen the injury.  *  *  *  He must not remain supine, but should make reasonable exertions to help himself, and thereby reduce his loss and diminish the responsibility of the party in default to him.". Note to *Wright v. Bank,* 6 Am. St., 365. Where a mule was wrongfully taken it was held that the injured party should have bought another, and could not recover the profits of the crop he would have made if the mule had not been taken. *Sledge v. Reid,* 73 N. C., 440.

The Court below erred in instructing the jury that "If they believed the evidence, to answer the first issue 'Yes.' " That issue was, "Did the defendant wrongfully and without probable cause, cause to be issued and levied a warrant of attachment upon the property of the plaintiff ?"

There was ample evidence to submit to the jury upon the question of probable cause. There was the testimony of the general manager of the defendant that the party who bought the goods told him they were for the use of and bought for the account of the plaintiff; that he had no reason whatsoever to disbelieve this statement; that the action was instituted by the defendant in the utmost good faith, believing that the plaintiff verily owed the debt for which the property was attached; that notwithstanding this belief, out of the abundance of caution, he submitted honestly all the facts to his counsel, who advised him that he had a cause of action against the plaintiff; that no steps were taken except such as were advised by his attorney; that as for attaching more

property than the amount of his claim would warrant, he had no idea what property the Sheriff had attached under and by virtue of the writ, and that his only cause for taking a.nonsuit at the time of the trial of the action was his inability to secure the attendance, as a witness, of the party who bought the goods.

The defendant had laid all the facts before counsel of high standing in the profession and had sued out the attachment under his advice. This is evidence to rebut the allegation of malice: *Smith v. Building and Loan Association,* 116 N. C., 73; and there are many authorities holding that it is evidence also of probable cause; see cases collected in note 93, Am. St., 461.

This action, furthermore, cannot be maintained for malicious prosecution if, as the jury have found, there was no malice. *Railroad v. Hardware Company,* 138 N. C., 174.

The only ground for an action for abuse of process is the levy on an excessive number of cars for the alleged purpose of forcing payment of an alleged debt, preferably to submitting to loss and inconvenience by the attachment. There was certainly evidence, above set out, in denial of this, and it was error in any aspect of the case to instruct the jury to answer the first issue "Yes."

If the officer levied, as it seems that he did, on an excessive quantity of property, the plaintiff in the attachment was not liable for the abuse unless it had in some way directed, advised or encouraged such act. 19 Am. and Eng. Enc. (2 Ed.), 630. This being denied, raised an issue for the jury.

It may be as well to note here the distinction between an action for malicious prosecution and an action for abuse of process. In an action for malicious prosecution there must be shown (1) malice and (2) want of probable cause, and (3) that the former proceeding has terminated. *Railroad v. Hardware Company,* 138 N. C., 174. In an action for abuse

of process it is not necessary to show either of these three things. By an inadvertence it was said in the case last cited that want of probable cause must be shown. "If process, either civil or criminal, is wilfully made use of for a purpose not justified by the law, this is an abuse for which an action will lie." 1 Cooley Torts (3 Ed.), 354. "Two elements are necessary: first, an ulterior purpose; second, an act in the use of the process not proper in the regular prosecution of the proceeding. *Ib.*, 355; 1 Jaggard Torts, sec. 203; Hale on Torts, sec. 185. "An abuse of legal process is where it is employed for some unlawful object not the purpose intended by law. It is not necessary to show either malice or want of probable cause, nor that the proceeding had terminated, and it is immaterial whether such proceeding was baseless or not." *Mayer v. Walter,* 64 Pa. St., 283. The distinction has been clearly stated. *Jackson v. Telegraph Company,* 139 N. C., 356.

Error.