THOMAS J. JEROME v. LESLIE M. SHAW.

(Filed 29 November, 1916.)

**Malicious Prosecution — Abuse of Process — Civil Summons — Motive — Demurrer.**

An action for malicious prosecution or wrongful abuse of process will not lie upon the mere issuance of a summons in a civil action, where no attachment has been levied, the plaintiff's property has not been interfered with and no process issued against his person; and where such is alleged, with further allegation that the summons in the former action had been served while passing through another State, the motive underlying the issuance of the summons will not be inquired into, and a demurrer is properly sustained.

ACTION heard by *Ferguson, J.,* at February Term, 1916, of ROWAN.

*A. H. Price* and *Edward C. Jerome* for plaintiff.
*Brooks, Sapp & Williams* for defendant.

PER CURIAM. The plaintiff brought this action to recover damages for malicious prosecution, or the wrongful abuse of process, as he states in his brief. Whatever may be the cause of action, whether the one or the other of those named, we think the court properly sustained the demurrer. The defendant brought suit on a note given by plaintiff, and merely caused a summons to be served on him as he was passing through the State of New Jersey on a train. There was no attachment levied, or other interference with the plaintiff's property; nor was there any process against his person. The issuing and service of the summons were all. The defendant had a legal right to sue in this State, New York, or New Jersey, and to serve a summons there on the plaintiff (in this action), wherever he could be found. The case is within the principle stated in *Ely v. Davis,* 111 N. C., 24; *Terry v. Davis,* 114 N. C., 31; *Carpenter v. Hanes,* 167 N. C., 551. The cases relied on in this Court will be found to belong to that class where some other process than a summons has been issued against the property or person of the defendant in the action, as in *R. R. v. Hardware Co.,* 138 N. C., 174 (*s. c.,* 143 N. C., 54); *Jackson p. Tel. Co.,* 139 N. C., 356; *Ludwick v. Penny,* 158 N. C., 104; *Wright v. Harris,* 160 N. C., 542; *Carpenter p. Hanes, supra.* In all these cases there was something more done than the issuing and service of a summons. The case of *Chatham Estates v. Bank,* 171 N. C., 579, upon which the plaintiff relied so much, does not sustain his position. The civil suit, alleged in that case to have been wrongful and which caused injury to the plaintiff, was one to impose a lien upon the defendant's property by a *lis pendens,* of practically the same force and effect as if there had been

an attachment levied.    There was something done in the former action which was directly injurious to the plaintiff apart from the issuing of the summons, and all that is said in the *Chatham Estates case* must be considered with reference to that important fact.    There is a very able and exhaustive discussion of the doctrine in *Muldoon v. Rickey,* 103 Pa., 110, where the cases are fully discussed.    See, also, *Potts v. Imlay,* 1 Southard (N. J.), 330; *Wetmore v. Mellinger,* 64 Iowa, 741; *McNamee v. Minke,* 49 Md., 122; *Johnson v. King,* 64 Texas, 226; *Turner v. Walker,* 3 Gill and Johns, 377; *Bitz v. Myer,* 40 N. J. L., 252; *Mitchell v. R. R.,* 75 Ga., 398.    The rule is succinctly stated in *Wetmore v. Mellinger, supra,* as follows, at page 744: "We think the doctrine is well established by the great preponderance of authority that no action will lie for the institution and prosecution of a civil action with malice and without probable cause, where there has been no arrest of the person or seizure of the property of defendant, and no special injury sustained which would not necessarily result in all suits prosecuted to recover for like causes of action," citing numerous cases. And in *Bitz v. Meyer, supra,* the Court said, at p. 255: "In *Goslin v. Wilcock,* 2 Wilson, 302, the defendant in the alleged malicious suit was arrested by process out of a court which had no jurisdiction, and on that ground the action for malicious prosecution was maintained; but my research has not found a case where the defendant was not arrested, and no special grievance was laid in which it has been held that suit will lie where costs were or could have been awarded to the defendant in the original action.    Since the statute, 4 James I., ch. 3, which gives costs to a defendant in all actions in case of a nonsuit or verdict against the plaintiff, and other statutes giving costs in other stages of the case, the English courts have not considered the malicious institution of a civil suit a sufficient basis for an action at law, where no arrest or special grievance is alleged.    *Saville v. Roberts,* 1 Salk., 14; *Purton v. Honnor,* 1 B. and P., 205.    In such cases the measure of punishment to be inflicted upon a plaintiff who is actuated by malice is the costs given by statute."    What is said by *Chief Justice Kirkpatrick* in *Potts v. Imlay, supra,* approved in 40 N. J. L., *supra,* is applicable to this case.    "In the case of *Saville v. Roberts,* in the time of William III., Salk., 15, which seems to be a leading case on this subject, *Holt, C. J.,* says: 'A civil action differs very far from an indictment in this respect.    In a civil action the defendant has his costs, and the plaintiff is amerced for his false claim.    To bring a civil action, therefore, though there be no ground, is not actionable, because it is a claim of right in the king's courts, to which every subject may have resort, and he has found pledges, is amercible for his false claim, and liable to costs.    It is not enough to declare that such action was

*ex malitia et since causa, per quod,* he was put to great charges; he must go further; he must show special grievance, as that the prosecutor had no cause of action, or cause of action only to a small sum, and that he had sued out a *latitat* for a large sum with intent to imprison him or do him some special prejudice.' So in *Lord Chief Baron Gilbert's* report of the case of *Parker v. Langley,* Gilb. Cas., 161, about the close of Queen Anne's reign, where this question is investigated with much ability, *Parker, Chief Justice,* in giving the opinion of the Court, says: 'The applying, in a civil action, to a court of justice for satisfaction or redress has been so much favored that no action has ever been allowed against a plaintiff for such suit singly and directly, on pretense of its being false and malicious.' . . . I have had occasion to look into this doctrine once before, in the case of *Woodmansie v. Logan,* reported in Pen., 92. The opinion then expressed is precisely the same which I now entertain upon looking further into the question, aided as I have been by so careful an examination of books and so able an argument at the bar. Upon the whole, upon the strength of these authorities, I think it may be laid down as law that this action cannot be maintained for prosecuting a civil suit in a court of common law having competent jurisdiction by the party himself in interest, unless the defendant has upon such prosecution been arrested without cause and deprived of his liberty, or made to suffer other special grievances different from and superadded to the ordinary expense of a defense. The case before us is for a suit commenced by summons where there could be no arrest; nor does the state of demand set forth any grievance or damage other than or different from the common expenses of making defense, in suits of this kind. That the litigation was protracted as far as the rules of the court would admit; that it was renewed and ultimately discontinued by the party, does not alter the case. These circumstances are, at most, only evidence that the prosecution was malicious and without probable cause; but this is not enough. There must be a special grievance, and that specifically charged in the complaint filed." In *Johnson v. King, supra,* the 'Court held that "The institution of a civil action by one in his own right for the purpose of enforcing a claim, whether that claim be real or unfounded, affords no cause of action against the party suing, unless by the abuse of process the person or property of the defendant be seized or in some manner injuriously affected. Following *Smith v. Adams,* 27 Tex., 31, and *Haldeman v. Chambers,* 19 Tex., 53. To create a cause of action there must not only be a loss to the plaintiff, but a loss resulting from the violation of some legal right." The facts in that case and those in *Carpenter v. Hanes, supra,* are very similar. There are cases to the

contrary, but some are distinguishable from this case, and the doctrine of others has not been adopted by us.

"Regular and legitimate use of process, though with a bad intention, is not malicious abuse of process." Cooley on Torts (3 Ed.), p. 356, star page 221. When a right is being prosecuted in a lawful and proper way the hidden motive behind it is not taken into account. If there is any loss to the defendant in the suit, it is *damnum absque injuria.* It is alleged in the complaint, and, as against a demurrer, it must be taken as admitted, that there was a suit on the note by the defendant, Leslie M. Shaw, in the Federal court at Greensboro, which resulted in a judgment against the defendant in that suit, plaintiff in this. This tends, of course, to repel any suggestion that the debt was not due or that defendant in this case intended to harass the plaintiff by suing for the recovery of a nonexistent debt; but whether so or not, there was nothing illegal in what this defendant did in New Jersey, and the demurrer, therefore, was properly overruled.

Affirmed.