HOWARD MARTIN, by His Next Friend, D. T. MARTIN, v. REIDSVILLE MOTOR COMPANY, Incorporated.

(Filed 10 November, 1931.)

**Process D a—Action for abuse of process is properly nonsuited where the evidence shows that the case was orderly and regularly prosecuted.**

Where a criminal action for false pretense has been nonsuited, but the evidence shows that it was regularly and orderly prosecuted according to the procedure therefor, and there is no evidence to the contrary, it will not sustain an action by the defendant therein for malicious abuse of process, and a motion as of nonsuit on the evidence in the civil action will be sustained on appeal. *Stanford v. Grocery Co.,* 143 N. C., 419. *Lockhart v. Bear,* 117 N. C., 298, where a demurrer to the complaint was filed, is distinguished.

APPEAL by plaintiff from *Clement, J.,* at February Term, 1931, of ROCKINGHAM.

On 24 October, 1927, Howard Martin purchased an automobile from the Reidsville Motor Company, falsely representing that he was of age. *Morris Plan Co. v. Palmer,* 185 N. C., 109, 116 S. E., 261; *Hight v. Harris,* 188 N. C., 328, 124 S. E., 623. Later, after the automobile had been stolen or disposed of, he brought an action to rescind the contract and to recover back the purchase money paid. *McCormick v. Crotts,* 198 N. C., 664, 153 S. E., 152; *Collins v. Norfleet-Baggs,* 197 N. C., 659, 150 S. E., 177. Thereafter, the said Howard Martin was indicted

21—201

and tried on a charge of obtaining said automobile under false pretense. 14 R. C. L., 265. The court nonsuited the case on the ground that the defendant was a minor. He was not under sixteen years of age at the time of the purchase of the automobile, so as to come within the Juvenile Court Act. *S. v. Burnett,* 179 N. C., 735, 102 S. E., 711; *S. v. Coble,* 181 N. C., 554, 107 S. E., 132. "He looked to be 21, if not more. He said he was going on 22."

This action was then instituted for malicious abuse of process, alleged to have arisen out of said criminal prosecution.

From a judgment of nonsuit, the plaintiff appeals.

*Sharp & Sharp, Hunter K. Penn and Glidewell, Dunn & Gwyn for plaintiff.*

*Brown & Trotter for defendant.*

PER CURIAM. Conceding, without deciding, that the criminal action against the plaintiff was instituted for retaliatory purposes only, nevertheless there is no evidence of any act done therein contrary to the orderly and regular prosecution of the case. *Stanford v. Grocery Co.,* 143 N. C., 419, 55 S. E., 815.

The case of *Lockhart v. Bear,* 117 N. C., 298, 23 S. E., 484, cited and relied upon by the plaintiff, was decided upon a demurrer to the complaint, rather than on a demurrer to the evidence, and is quite different in the facts alleged.

Affirmed.