· W. B. KLANDER v. E. C. WEST.

(Filed 13 December, 1933.)

**Execution K a—Execution against the person may not issue upon judgment by default in action for malicious prosecution and abuse of process.**

Where judgment is rendered in an action for malicious prosecution and abuse of process by default and inquiry, execution against the person of defendant may not be had upon the verdict of the jury upon the issue of damages, an affirmative finding by the jury of actual malice being necessary for execution against the person on the first cause of action, and wilful abuse of process being necessary on the second.

APPEAL by defendant from *Sinclair, J.,* at March Term, 1933, of NEW HANOVER. Modified and affirmed.

The plaintiff brought suit against the defendant to recover damages for malicious prosecution and wrongful abuse of process. He alleges that in 1924 he bought goods amounting to $29.00 from the Quaker Valley Manufacturing Company, a corporation doing business in the

State of Illinois, and was unable to pay for them; that in June, 1932, the defendant, an attorney resident in the county of Harnett, caused a warrant to be issued charging the plaintiff with the unlawful, wilful and felonious removal, exchange, or secretion of certain personal property on which a lien existed in favor of the Quaker Valley Manufacturing Company, with intent to hinder and prevent the enforcement of said lien; charging him also with the fraudulent use of the United States mails for the purpose of defrauding said corporation; and that he caused the plaintiff to be arrested and tried before a magistrate in Harnett County in a criminal action which was dismissed before the institution of the present suit.

The plaintiff further alleges that the affidavit was sworn to by the defendant before a justice of the peace; that the defendant instituted the prosecution with malice for the purpose of extorting the payment of the debt; that the defendant is guilty not only of the malicious prosecution of the plaintiff but of the malicious abuse of the process of the court for the purpose of forcing the plaintiff by a criminal action to pay the said debt and costs; and that the defendant's malicious prosecution and wilful abuse of the process of the court injured the plaintiff in his character and reputation.

The complaint was verified. The defendant filed no answer, and the clerk of the Superior Court rendered judgment by default and inquiry, and transferred the cause to the civil issue docket for the assessment of damages as provided by law.

At March Term, 1933, an issue was submitted to the jury who assessed the plaintiff's damages at $250.00. It was thereupon adjudged that the plaintiff recover of defendant the sum of $250.00 and the costs of the action; and, further, that, whereas the defendant wilfully, maliciously and wantonly abused the process of the court in causing the arrest and prosecution of the plaintiff, the clerk of the court should issue an execution to the sheriff of Harnett County against the property of the defendant and if the execution should be returned unsatisfied he should issue an execution to the sheriff of Harnett County to arrest the defendant and deliver him to the sheriff of New Hanover County to be held in custody as required by law until the judgment should be paid or the defendant should be discharged.

Defendant excepted and appealed.

*Clifford & Williams for appellant.*

PER CURIAM. The complaint states alleged causes of action for malicious prosecution and wilful abuse of process. The defendant filed no answer and the clerk gave judgment by default and inquiry. In the

Superior Court the only issue submitted to the jury was directed to the *quantum* of damages and was answered in favor of the plaintiff. It was thereupon adjudged that the plaintiff recover $250.00 and costs and that he have execution against the property of the defendant and upon return of *nulla bona* against the defendant's person. The defendant excepted only to the clause in the judgment which authorized his arrest under execution.

To justify an execution against the person in an action for malicious prosecution there must be an affirmative finding by the jury of express or actual malice. *Watson v. Hilton,* 203 N. C., 574; *Harris v. Singletary,* 193 N. C., 583; *Swain v. Oakey,* 190 N. C., 113, 116.

In an action for abuse of process it is not necessary to show malice, want of probable cause, or termination of the action; the two essential elements are the existence of an ulterior purpose and an act in the use of the process not proper in the regular prosecution of the proceeding. The act must be wilful. *Carpenter v. Hanes,* 167 N. C., 551.

In the absence of a finding of express malice or the wilful abuse of process the person of the defendant cannot be taken in execution. The clause authorizing execution against his person will be stricken from the judgment, and as thus modified the judgment is affirmed.

Modified and affirmed.