R. O. ABERNETHY v. W. W. BURNS ET AL.

(Filed 4 November, 1936.)

**1. Appeal and Error C b—**

Where appellant duly makes out and serves his statement of case on appeal within the time allowed, and appellee fails to except and file countercase, appellant's statement of case becomes the "case on appeal." C. S., 643.

**2. Appeal and Error E g—**

Where appellee does not except and file countercase to appellant's statement of case on appeal, appellant's statement of case, having become the "case on appeal," imports verity, and the Supreme Court is bound thereby.

**3. Appeal and Error J d—**

Where plaintiff appellant's statement of case on appeal becomes the "case on appeal" through failure of appellee to file countercase, and the record thus constituted contains evidence sufficient to sustain plaintiff's causes of action when viewed in the light most favorable to him, a judgment as of nonsuit entered in the court below must be reversed on appeal.

**4. Judgments K f—**

A judgment rendered in proceedings *coram non judice* is void, and may be attacked either directly or collaterally.

**5. Judgments L d—**

A void judgment will not support a plea of estoppel by judgment.

**6. Malicious Prosecution A d—**

A *nolle prosequi* is a sufficient termination of a prosecution to support an action for malicious prosecution based thereon.

**7. Malicious Prosecution A a—**

The distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing process to issue, while abuse of process lies for the improper use of process after it has been issued, and in the former plaintiff must prove malice, want of probable cause, and termination of the prosecution.

APPEAL by plaintiff from *Clement, J.,* at May Term, 1936, of CATAWBA.

Civil action to recover damages for alleged (1) malicious prosecution, (2) abuse of process, (3) trespass, and (4) wrongful conversion.

The answer denies the material allegations of the complaint, sets up estoppel by judgment, and pleads the statute of limitations.

From a judgment of nonsuit, entered at the close of plaintiff's evidence, he appeals, assigning errors.

*R. O. Abernethy, in propria persona, for plaintiff, appellant.*

*J. L. Murphy, D. M. McComb, Jr., and Thos. P. Pruitt for defendants, appellees.*

STACY, C. J.    This is the same case that was before us at the Spring Term, 1934, reported in 206 N. C., 370, 173 S. E., 899.    There it was said in regard to the plaintiff, a layman, trying his own lawsuit: "He may not get to first base, but he is entitled to come to the bat."    Continuing the simile, he did come to the bat at the May Term, 1936, and was called out on strikes.    He again appeals, complaining at the rulings of the umpire.

In his application to appeal *in forma pauperis,* plaintiff avers he "is advised by two counsel learned in the law that there was error of law in the ruling of the court below."    Just why he is advised and not represented by counsel is not apparent, unless, perhaps, the advice given was of the curb-stone variety or gratuitous kind.

A word about the record: Plaintiff was allowed forty days within which to prepare and serve his statement of case on appeal, and the defendants given forty days thereafter to serve countercase or file exceptions.    The plaintiff duly served his case within the time.    No excep-

tions were filed by the defendants and no countercase was served by
them. The plaintiff's statement of case, therefore, became the "case on
appeal." C. S., 643; *S. v. Ray,* 206 N. C., 736, 175 S. E., 109; *S. v.
Humphrey,* 186 N. C., 533, 120 S. E., 85; *Carter v. Bryant,* 199 N. C.,
704, 155 S. E., 602; *Barber v. Justice,* 138 N. C., 20, 50 S. E., 445. It
is far from "a concise statement of the case," and doubtless out of line
with what transpired before the trial court, nevertheless, the defendants,
by their silence or failure to return it with objections, have consented
that "it shall be deemed approved." C. S., 643. It imports verity, and
we are bound by it. *S. v. Brown,* 207 N. C., 156, 176 S. E., 260. The
defendants say in their brief, "Unless the Court is thoroughly familiar
with the history of all this litigation, it would be very difficult, from the
record and appellant's brief, to know at times what he is talking about."
This is quite true. The record is involved, couched in infelicitous terms,
and difficult to comprehend. The conciseness of the transcript, as well
as its clarity, doubtless would have been aided by a counter-statement of
the case. But the time for this has passed. *S. v. Ray, supra.* We
must take it as it is. *S. v. Humphrey, supra.*

Without undertaking to detail the evidence in the peculiar language
of the record, suffice it to say plaintiff and his witnesses seem to testify,
in substance, and apparently without objection: (1) That plaintiff was
arrested on a false charge of trespass at the instance of the defendants;
(2) that he was abused and mistreated by the officers on instructions
from Little and Burns, the defendants; (3) that he was assaulted by
defendants' agent, while under indictment; (4) that the trial in the
municipal court was *coram non judice;* (5) that on appeal to the Supe-
rior Court, a *nolle prosequi* was entered; (6) that plaintiff has been
greatly injured thereby, undergone "great suffwring," etc.; and (7) that
the action is not barred by the statute of limitations.

Thus, on the record as it appears here, the plaintiff's evidence, taken
in its most favorable light, would appear to be sufficient to carry the case
to the jury. The proceeding in the municipal court, if, indeed, it were
*coram non judice,* was a nullity, and the judgment rendered therein void.
*Greene v. Stadiem,* 197 N. C., 472, 149 S. E., 685; *S. v. Baxter,* 208
N. C., 90, 179 S. E., 450. Of course, we do not say such is the case—
only that there is evidence on the record tending to show it. A void
judgment may be attacked either directly (*Oliver v. Hood,* 209 N. C.,
291, 183 N. C., 657), or collaterally. *Dunn v. Wilson, ante,* 493;
*McKee v. Angel,* 90 N. C., 60. It could not avail as the basis for a plea
of estoppel. *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283. Hence,
the case of *Price v. Stanley,* 128 N. C., 38, cited and relied upon by
defendants, is not controlling.

The *nolle prosequi,* subsequently taken in the Superior Court, was a sufficient termination of the prosecution to support an action for malicious prosecution based thereon. *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446; *Winkler v. Blowing Rock Lines,* 195 N. C., 673, 143 S. E., 214.

There is this distinction between an action for malicious prosecution and one for abuse of process. In the former, it is necessary to allege and to prove three things, not required in the latter: (1) Malice, (2) want of probable cause, and (3) termination of proceeding upon which action is based. *Wright v. Harris,* 160 N. C., 542, 76 S. E., 489; *Ludwick v. Penny,* 158 N. C., 104, 73 S. E., 228; *Stanford v. Grocery Co.,* 143 N. C., 419, 55 S. E., 815; *R. R. v. Hdw. Co.,* 138 N. C., 175, 50 S. E., 571; *Lockhart v. Bear,* 117 N. C., 298, 23 S. E., 484; *Jackson v. Tel. Co.,* 139 N. C., 347, 51 S. E., 1015; 50 C. J., 612; 1 R. C. L., 101, *et seq.*

The distinctive nature of an action for abuse of process, as compared with an action for malicious prosecution, is that the former lies for the improper use of process after it has been issued, and not for maliciously causing process to issue. 1 Am. Jur., 176; *Martin v. Motor Co.,* 201 N. C., 641, 161 S. E., 77; *Griffin v. Baker,* 192 N. C., 297, 134 S. E., 651; *Lockhart v. Bear, supra.*

Speaking to the subject in *Klander v. West,* 205 N. C., 524, 171 S. E., 782, it was said: "In an action for abuse of process, it is not necessary to show malice, want of probable cause, or termination of the action; the two essential elements are the existence of an ulterior purpose and an act in the use of the process not proper in the regular prosecution of the proceeding. The act must be willful. *Carpenter v. Hanes,* 167 N. C., 551."

The whole matter is thoroughly discussed, with full citation of authorities, in *Carpenter v. Hanes, supra,* and *Wright v. Harris, supra.* It would serve no useful purpose to elaborate it further here.

Reversed.