R. O. ABERNETHY v. C. T. MORRISON ET AL.

(Filed 19 April, 1939.)

**Process § 15—Evidence held insufficient to show misapplication of process of the court.**

Evidence tending to show that defendant's appeal from conviction in the municipal court to the Superior Court was continued five times extending over a period of twenty-two months, allegedly at the instance of the private prosecutor, and was finally "*nol. prossed*" with leave, *is held* insufficient to sustain an action for abuse of process against the private prosecutor, since it appears that the jurisdiction of the Superior Court

was invoked by plaintiff and that the control of the appeal after it was docketed passed to the solicitor, and the continuances were ordered by the court, and since it does not appear that the continuances were ordered without the consent of the plaintiff.

APPEAL by defendants from *Warlick, J.,* at September Term, 1938, of CATAWBA.

Civil action to recover damages for alleged (1) malicious prosecution, (2) abuse of process, (3) trespass, and (4) wrongful conversion.

The (1), (3) and (4) causes of action were dismissed as in case of nonsuit, from which no appeal has been taken.

The (2) cause of action, or the one alleging abuse of process, was tried before a jury, and resulted in verdict and judgment for the plaintiff, the damages being assessed at $325.00.

The evidence tending to show alleged abuse of process follows: On 14 August, 1929, the plaintiff was tried and convicted in the Hickory municipal court on three warrants, one charging an assault and two alleging trespass, including the one which forms the basis of the present action. Judgment was suspended in the assault case; and a fine of $25.00 and costs was imposed in each of the trespass cases. Appeals to the Superior Court were taken in all three cases. They were continued from term to term until the July Term, 1930, when the assault case was tried, resulting in a conviction, and the verdict was set aside on motion. All three cases were then continued from term to term until the February Term, 1931, when the assault case was *"nol. prossed"* with leave, and the two trespass cases were again continued. At the July Term, 1931, the trespass cases were *"nol. prossed"* with leave. The continuances from term to term over a period of 22 months, allegedly at the instance of the defendants, is the gravamen of plaintiff's complaint on the charge of abuse of process.

From an adverse verdict and judgment thereon, the defendants appeal, assigning as error the refusal of the court to sustain their motion for judgment as in case of nonsuit.

*W. A. Self and G. A. Warlick, Jr., for plaintiff, appellee.*

*Thomas P. Pruitt, D. M. McComb, Jr., and J. L. Murphy for defendants, appellants.*

STACY, C. J. The question for decision is whether five continuances of a criminal prosecution, procured at the instance of the private prosecutor and extending over a period of 22 months, is evidence of abuse of process. On the facts of the present record, we think the question must be answered in the negative.

In the first place, the jurisdiction of the Superior Court was invoked by the plaintiff. His appeal was from a fine of $25 and the costs. The control of the appeal, when docketed, passed to the solicitor of the district and the judge presiding over the Superior Courts. The continuances were ordered by the court. *Abernethy v. Burns*, 206 N. C., 370, 173 S. E., 899.

Secondly, it does not appear that the continuances were ordered without the consent of the plaintiff. He was interested in more than one case. It was his privilege to insist upon trial, which he failed to do so far as the record discloses. At any rate, we think the evidence is wanting in sufficiency to establish liability for abuse of process on the part of the defendants. *Klander v. West*, 205 N. C., 524, 171 S. E., 651; *Marlin v. Motor Co.*, 201 N. C., 641, 161 S. E., 77.

The perverted use of process is the gist of an action for its abuse. *Ledford v. Smith*, 212 N. C., 447, 193 S. E., 722; *Abernethy v. Burns*, 210 N. C., 636, 188 S. E., 97; *Griffin v. Baker*, 192 N. C., 297, 134 S. E., 651; *Stanford v. Grocery Co.*, 143 N. C., 419, 55 S. E., 815. The record discloses no actionable perversion or misapplication of the court's process on the part of the defendants. *Martin v. Motor Co., supra.*

Reversed.