Error.

---

### W. A. MELTON v. M. M. RICKMAN.

(Filed 17 December, 1945.)

**1. False Imprisonment § 1—**

A cause of action for false arrest or false imprisonment is based upon the deprivation of one's liberty without legal process. It may arise when the arrest or detention is without warrant, or the warrant charges no criminal offense, or the warrant is void, or the person arrested is not the person named in the warrant. All that must be shown is the deprivation of one's liberty without legal process.

MELTON *v.* RICKMAN.

**2. Malicious Prosecution § 1—**

To sustain an action for malicious prosecution the plaintiff must show malice, want of probable cause, and the favorable termination of the former proceeding.

**3. Process § 15—**

One who uses legal process to compel a person to do some collateral act not within the scope of the process, or for the purpose of oppression or annoyance, is liable in damages in a common law action for abuse of process. It consists in the malicious misuse or misapplication of that process *after issuance* to accomplish some purpose not warranted or commanded by the writ. Evil purpose alone is not sufficient. The bad intent must finally culminate in the abuse.

**4. Process § 16—**

In an action *ex delicto* for damages for malicious abuse of process, where the complaint alleges that defendant had a check of plaintiff, who had no funds in the bank and the check was dishonored, whereupon defendant caused a warrant to issue and plaintiff to be arrested, charged with a violation of the bad check law, the issuance of the warrant being in furtherance of defendant's plan to collect his debt by criminal process, and at the trial plaintiff pleaded guilty or was found guilty, and pending judgment plaintiff paid the check and costs, defendant surrendered the check and notified the magistrate that same was paid and judgment was entered discharging plaintiff on payment of costs, no cause of action is stated and demurrer *ore tenus* here sustained.

SEAWELL, J., dissenting.

DEVIN, J., concurs in dissent.

APPEAL by defendant from *Gwyn, J.,* at May Term, 1945, of ROWAN.

Civil action *ex delicto* for damages resulting from the abuse of criminal process, heard on motion to strike certain allegations in the complaint.

The motion first came on for hearing before the clerk who allowed the motion to strike certain paragraphs and denied it as to others. When the appeal came on to be heard in the court below "the plaintiff, through counsel, states in open Court that he elects to sue upon malicious abuse of process only." Thereupon the judge overruled the clerk and denied the motion to strike *in toto*. The defendant excepted and appealed.

The plaintiff alleges in substance:

On 31 March, 1944, he borrowed from defendant $25 to be paid in two weeks plus 10 per cent. At the same time he executed and delivered to defendant a check for $25 to be held as evidence of the loan. Defendant knew plaintiff had no funds in or credit with the bank on which the check was drawn but used the check as evidence of the loan for the purpose of falsely representing the loan as a cash transaction so as to enable him to force collection thereof by criminal process if necessary.

Thereafter plaintiff negotiated additional small loans on the same terms and conditions, but by reason of payments made and the credits to which he is entitled for penalties for usurious charges the plaintiff, on 3 January, 1945, was not indebted to defendant in any amount. On said date, notwithstanding the plaintiff owed him nothing, defendant, for the sole purpose of collecting the loan of 31 March, 1944, maliciously, etc., caused plaintiff to be arrested charged with a violation of the bad check law on a warrant issued on the complaint of defendant; that the issuance of said warrant was in furtherance of the aforesaid plan and device of defendant to collect his alleged debt by criminal process.

It being made to appear that plaintiff at the time he gave the check had no funds in or credit with the bank on which it was drawn and that upon presentation payment thereof was refused the justice of the peace found plaintiff guilty of the violation of G. S., 14-106.

The judgment was held open for one week. Plaintiff was unable to pay counsel and give bond in any amount so as to appeal from the judgment that might be pronounced and "although this plaintiff was not indebted to the defendant in any amount, as his only alternative to remaining in custody and in jail until the February Term, 1945," of the Superior Court, he, before the expiration of the week, paid defendant the sum of $25 plus $6.40 accrued costs; that upon receipt thereof defendant surrendered the check and notified the magistrate his claim and costs had been paid; that thereupon the magistrate entered judgment as follows:

"After hearing the evidence in this case, it is adjudged that the defendant W. A. Melton tenders submission. It is further ordered and adjudged that the defendant W. A. Melton be discharged upon payment of costs, as check has now been paid."

Plaintiff did not submit. Instead he pleaded not guilty and gave evidence of the true nature of the transaction and was found guilty by the magistrate.

The purpose of said arrest was to collect the alleged debt and humiliate and embarrass the plaintiff to such an extent that he would be forced and coerced to pay same; that said arrest was used to accomplish a purpose not contemplated by law and constitutes an unlawful, etc., abuse of process which in fact accomplished its unlawful purpose.

He then alleges damages and prays the recovery of both compensatory and punitive damages.

*D. A. Rendleman for plaintiff, appellee.*
*R. Lee Wright for defendant, appellant.*

BARNHILL, J.   Upon the call of the case in this Court the defendant demurred *ore tenus* for that the complaint fails to state a cause of action for abuse of process.   Decision thereon is determinative of this appeal.

At common law there were a number of related causes of action devised to afford a remedy against the wrongful invasion of the liberty of an individual through the processes of the courts.

A cause of action for false arrest or false imprisonment is based upon the deprivation of one's liberty without legal process.   It may arise when the arrest or detention is without warrant, *Allen v. Greenlee,* 13 N. C., 370; *S. v. DeHerrodora,* 192 N. C., 749, 136 S. E., 6; *Cook v. Hospital,* 168 N. C., 250, 84 S. E., 352; *Hoffman v. Hospital,* 213 N. C., 669, 197 S. E., 161, or the warrant charges no criminal offense, *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492, or the warrant is void, or the person arrested is not the person named in the warrant.   4 Am. Jur., 81, sec. 132.   All that must be shown is the deprivation of one's liberty without legal process.

To sustain an action for malicious prosecution the plaintiff must show malice, want of probable cause, and the favorable termination of the former proceeding.   *Miller v. Greenwood,* 218 N. C., 146, 10 S. E. (2d), 708; *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577; *Stancill v. Underwood,* 188 N. C., 475, 124 S. E., 845; *Wingate v. Causey,* 196 N. C., 71, 144 S. E., 530; *Mooney v. Mull,* 216 N. C., 410, 5 S. E. (2d), 122, 125 A. L. R., 893; *Rawls v. Bennett,* 221 N. C., 127, 19 S. E. (2d), 126.

One who uses legal process to compel a person to do some collateral act not within the scope of the process or for the purpose of oppression or annoyance is liable in damages in a common law action for abuse of process.   1 Am. Jur., 176; *R. R. v. Hardware Co.,* 143 N. C., 54; *Ludwick v. Penny,* 158 N. C., 104, 73 S. E., 228; *Wright v. Harris,* 160 N. C., 542, 76 S. E., 489; *Griffin v. Baker,* 192 N. C., 297, 134 S. E., 651; *Klander v. West,* 205 N. C., 524, 171 S. E., 782.

So then, while false imprisonment is the arrest and imprisonment without legal process and malicious prosecution is the prosecution with malice and without probable cause, abuse of process is the misuse of legal process for an ulterior purpose.   It consists in the malicious misuse or misapplication of that process *after issuance* to accomplish some purpose not warranted or commanded by the writ.   It is the malicious perversion of a legally issued process whereby a result not lawfully or properly obtainable under it is attempted to be secured.   1 Am. Jur., 176; *Stanford v. Grocery Co.,* 143 N. C., 419; *R. R. v. Hardware Co.,* 138 N. C., 175; *Griffin v. Baker, supra; Abernethy v. Burns,* 210 N. C., 636, 188 S. E., 97; *Klander v. West, supra; Martin v. Motor Co.,* 201

N. C., 641, 161 S. E., 77; *Ellis v. Wellons,* 224 N. C., 269; *Rock v. Abrashin,* 65 A. L. R., 1280; Anno. 86 Am. St. Rep., 397.

Evil purpose alone is not sufficient. The bad intent must finally culminate in the abuse, for it is only the latter which is the gist of the action. *Carpenter v. Hanes, supra.* Nor can a cause of action arise out of the issuance of the process alone. *Abernethy v. Burns, supra.* There is no writ until it is issued. Hence there can be no abuse of a writ before its issuance. That which does not exist cannot be abused.

"Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." 1 Cooley, Torts (3rd), 354; *Wright v. Harris, supra; Ludwick v. Penny, supra; R. R. v. Hardware Co.,* 143 N. C., 54; *Jerome v. Shaw,* 172 N. C., 862, 90 S. E., 764; *Italian Star Line v. U. S. Shipping Bd. E. F. Corp.,* 53 F. (2d), 359, 80 A. L. R., 576, Anno. p. 580; Anno. 86 Am. St. Rep., 397.

When the allegations of the complaint are considered in the light of these principles of law, it becomes apparent that no cause of action for malicious abuse of process is stated.

The alleged conduct of the defendant in his business relations with plaintiff, if true, is not commendable. Even so, his conduct prior to the issuance of the warrant does not give rise to a cause of action.

Defendant had in his possession a check of the plaintiff. Plaintiff had no funds in bank and the check was dishonored. Defendant caused a warrant to be issued and plaintiff to be arrested, charged with a violation of the bad check law. The issuance of said warrant was in furtherance of defendant's plan to collect his debt by criminal process. At the trial the plaintiff pleaded guilty (as shown by the judgment) or the magistrate found him guilty (as alleged by plaintiff). The pronouncement of judgment was held open for a week. In the interim plaintiff paid the check and costs. Defendant surrendered the check and notified the magistrate his claim had been paid. The magistrate thereafter entered judgment discharging plaintiff on condition he pay the costs.

Where then is the allegation of any act on the part of the defendant which constitutes the misuse of the process of the court? The magistrate did not pronounce judgment immediately, but this was not at the instance or on the request of the defendant. Was it to give plaintiff an opportunity to raise the money due the defendant? It is not so alleged.

Defendant did not demand his money under threat of prosecution. He did not seek a judgment requiring plaintiff to pay. His one and only act after the issuance of the warrant, as alleged by plaintiff, was to accept his money together with the cost as tendered by plaintiff, surrender the check, and notify the magistrate that he had been paid. In this there was no perversion of the writ.

"Defendant's suit may have been unlawful, and the allegations upon which it was based may have been false in fact, but he pursued the regular and usual procedure of the law." *Wright v. Harris, supra.*

*Jackson v. Telegraph Co.,* 139 N. C., 347, is factually distinguishable. See *Wright v. Harris, supra.*

As the complaint fails to state a cause of action for abuse of process, the questions presented by the appeal need not be discussed.

Demurrer sustained.

SEAWELL, J., dissenting: In dissenting, I should like to suggest a correction of an inadvertence in the statement. I think it will be found that there was only one judgment by Fesperman, J. P., and this was made after defendant had been given a week to get up the money. The defendant carried this money, together with $6.40 costs, to Fesperman, and the judgment followed. This, of itself, is evidence to go to the jury of his control and abuse of the process under any label we might apply to the proceeding.

The necessary elements in an action for malicious prosecution, as tersely stated in *Jaffe v. Stone,* 114 Pac. (2d), 335, are (1) a judicial proceeding favorably terminated; (2) lack of probable cause; and (3) malice. Contrasted with an action for abuse of process, our own Court observed: "In an action for malicious prosecution there must be shown (1) malice and (2) want of probable cause and (3) that the former proceeding has terminated. *R. R. v. Hardware Co.,* 138 N. C., 175. In an action for abuse of process it is not necessary to show either of these three things." *R. R. v. Hardware Co.,* 143 N. C., 54, 55, 55 S. E., 422.

With these handicaps removed, the complaint states a cause of action for abuse of process.

*Imprimis,* we must understand that oppression under color of legal process, as a cause of action, does not necessarily fall either on one side or the other of a strict dividing line or become legally nonexistent. Not infrequently the same series of transactions may develop both infractions of duty with corresponding legal liability. Thus while it is usually, and correctly, stated that a cause of action for abuse of process arises when a writ is regularly issued and is used for an ulterior purpose not authorized by law, it is not meant that the proceedings leading up to its issue are impeccable or *bona fide,* or free from condemnation of law. Process maliciously sued out, and without probable cause, may be the subject of abuse of process as well as process the issue of which is lawfully procured.

"The facts of a case may at once justify an action either for malicious prosecution or for the abuse of process. In other words, an abuse of

process may occur in the course of a prosecution which has been malicious and wrongful throughout." 80 A. L. R., 581. *Consouland v. Rosomano,* 176 Fed., 481; *McGann v. Allen,* 105 Conn., 177, 14 Atl., 810; *Brantley v. Rhodes-Haverly Furniture Co.,* 131 Ga., 276, 62 S. E., 222; *Wright v. Harris,* 160 N. C., 542, 76 S. E., 489.

This brings us to the question whether the motive and conduct of defendant in suing out and prosecuting the writ may be considered as within the constituent elements of abuse of process, and to what extent the factual situation throughout the transaction may determine whether the wrong inflicted on the plaintiff is properly abuse of process rather than malicious prosecution. *Jackson v. Telegraph Co.,* 139 N. C., 347, 51 S. E., 1015.

Abuse of process is variously defined in the texts and decisions as follows: "Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted in the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured." 1 Am. Jur., Abuse of Process, sec. 2. "If a process, either civil or criminal, is wilfully made use of for a purpose not justified by the law, this is an abuse for which action will lie." 1 Cooley on Torts, 3d Ed., p. 354. "An abuse of process is some unlawful use of the process for the accomplishment of some end foreign to the purpose for which it may be issued." *Carpenter.v. Hanes,* 167 N. C., 551, 554, 83 S. E., 577.

A more cautious approach to definition is made by the Court in *Carpenter v. Hanes, supra:* "The illegality or maliciousness of the proceeding leading up to it [the issue of the writ] does not determine its abuse in law as much as the unlawful or oppressive use of it after it is issued for the purpose of coercing or harassing the defendant in some way."

Definitions of abuse of process ordinarily recapitulate case history rather than the inherent or substantial characteristics of the condemned practice. The individuation is therefore likely to neglect exceptions which have long been recognized as giving rise to actionable abuse of process, because of the peculiar facts involved, their outstanding oppression, as offensive to public policy as it is injurious to the individual, although an action for malicious prosecution might lie. These exceptions do not base the abuse of process with technical strictness on conduct of the defendant subsequent to the issue of the writ. Instances are not wanting where the Court has found that the antecedent acts or the set purpose of the defendant, coupled with the unlawful issuing of the process for a manifestly ulterior purpose and its subsequent prosecution, all in close and continuous sequence, have been held to constitute abuse of process.

*Jackson v. Telegraph Co., supra,* cannot be disposed of on the theory that it is distinguished by factual differences from the present case, or that it is so distinguished in the *Harris case, supra.* *Wright v. Harris, supra,* distinguished it, as *abuse of process,* from the case then being considered, *malicious prosecution,* and reiterated its authority. *In neither* the *Jackson case, supra,* nor *Grainger v. Hall,* 4 Bing. N. C., 212 (33 Eng. Com. Law, 328), the principle of which it adopts, did the defendant do any act whatever with regard to the process *after it was issued—* they simply let nature take its course.

In *Jackson v. Telegraph Co., supra,* McManus, the agent of the defendant company, was forbidden to go upon the premises of Jackson, the owner, to erect poles and wires. In order to secure the absence of Jackson while the poles could be erected and the wires strung, McManus swore out a warrant and caused his arrest. It is true that after the warrant was issued, McManus told the sheriff to arrest Jackson, but that was no more than the writ commanded. Stressing the declaration of McManus immediately before the writ was issued that he would put Jackson "out of the way," and that such was the purpose of the warrant, this Court held that Jackson had a good cause of action for abuse of process; and in a subsequent case, *Wright v. Harris, supra,* the Court declared the principle in the *Jackson case, supra,* to be analogous to that in *Grainger v. Hall, supra.* The facts in the *Grainger case, supra,* as stated in *Wright v. Harris, supra,* were these:

"Plaintiff was on the eve of sailing from port in his smack, of which he was the master, and, as the declaration runs, upon plaintiff refusing to comply with an unjust demand for goods not embraced in the mortgage given by plaintiff to secure his debt to defendants, on pain of being refused the proper registry or clearance for sailing, or to submit to any unlawful exaction by them, the latter thereupon, 'wrongfully and unjustly contriving and intending, as aforesaid, to imprison, harass, oppress, injure, and impoverish the plaintiff, and to cause and procure him to be arrested and imprisoned, and to prevent his making and prosecuting any voyages in his smack or vessel, and wholly to ruin the plaintiff thereby, they, well knowing that plaintiff was entirely unprepared and unprovided with bail,' falsely and maliciously caused the arrest of plaintiff, under a writ of capias, which they had caused 'to be sued and prosecuted out of the Court of our Lord the King of the Bench at Westminster,' for the purpose of using it, not to collect an honest debt in a legal way, but to wrong and oppress the plaintiff. This case is much like that of *Jackson v. Telegraph Co., supra,* which was decided by this Court, and has several times been cited by us as authority upon the subjects of the 'abuse of process.' "

MELTON v. RICKMAN.

It is indeed difficult to see why the bringing into existence of a false criminal warrant, with the immediate purpose of its abuse in the collection of a debt, and the further prosecution of the case until this ulterior purpose is accomplished, could be classed otherwise than abuse of process, carrying with it *ab initio* the legal incidents and remedial procedure peculiar to that form of action. In the case at bar, just as in the *Grainger case, supra,* and the *Jackson case, supra,* the wrongful suing out of the process and its prosecution brought about in continuous sequence the expected conditions of duress of which the defendant was the beneficiary, under conditions which are hardly consistent with his innocence.

In the case at bar, taking the complaint to be true, we note a practice on the part of the defendant which is perhaps not unprecedented or inexperienced by the seeker after small loans or small credits. The defendant required the plaintiff, who sought to borrow $25, to sign a check for that amount, prepared by defendant and drawn indifferently on a bank in which, as both of them knew, plaintiff had no money. In this way it might be made to appear that it was a cash transaction; and plaintiff might be prosecuted for crime in case the loan was not paid. With that purpose in view, defendant finally presented the check at the bank and carried out his scheme of collection by causing plaintiff's arrest. He followed the prosecution; and during the interim of a week given the plaintiff to get up the money, he not only received payment for the debt, which he ordinarily had the right to do, but also collected $6.40 costs, and reported that fact to the justice of the peace, upon which his zeal for the public welfare rapidly cooled. The justice, in frank recognition of the character of the proceeding, ended the case "as the check had been paid."

As between the parties who both knew that at the time of drawing the check the drawer had no money in the bank, the check was no more than an acknowledgment of debt; and its use in the manner alleged is simply to make the liberty of the citizen the security for the debt, if the creditor can succeed in prostituting the process of the court to that ulterior purpose.

I am not so much interested, in this case, in breaking up the vicious small loan practices as I am in removing the State of North Carolina from its shadow, and breaking up the abuse of process which constitutes the security for the loan and renders a nefarious business prosperous.

I think the pleading states a cause of action, and the demurrer should be overruled.

DEVIN, J., concurs in dissent.