SEAWELL, J., dissenting.
DEVIN, J., concurs in dissent.
Civil action ex delicto for damages resulting from the abuse of criminal process, heard on motion to strike certain allegations in the complaint.
The motion first came on for hearing before the clerk who allowed the motion to strike certain paragraphs and denied it as to others. When the appeal came on to be heard in the court below "the plaintiff, through counsel, states in open Court that he elects to sue upon malicious abuse of process only." Thereupon the judge overruled the clerk and denied the motion to strike in toto. The defendant excepted and appealed.
The plaintiff alleges in substance:
On 31 March, 1944, he borrowed from defendant $25 to be paid in two weeks plus 10 percent. At the same time he executed and delivered to defendant a check for $25 to be held as evidence of the loan. Defendant knew plaintiff had no funds in or credit with the bank on which the check was drawn but used the check as evidence of the loan for the purpose of falsely representing the loan as a cash transaction so as to enable him to force collection thereof by criminal process if necessary. *Page 702 
Thereafter plaintiff negotiated additional small loans on the same terms and conditions, but by reason of payments made and the credits to which he is entitled for penalties for usurious charges the plaintiff, on 3 January, 1945, was not indebted to defendant in any amount. On said date, notwithstanding the plaintiff owed him nothing, defendant, for the sole purpose of collecting the loan of 31 March, 1944, maliciously, etc., caused plaintiff to be arrested charged with a violation of the bad check law on a warrant issued on the complaint of defendant; that the issuance of said warrant was in furtherance of the aforesaid plan and device of defendant to collect his alleged debt by criminal process.
It being made to appear that plaintiff at the time he gave the check had no funds in or credit with the bank on which it was drawn and that upon presentation payment thereof was refused the justice of the peace found plaintiff guilty of the violation of G.S., 14-106.
The judgment was held open for one week. Plaintiff was unable to pay counsel and give bond in any amount so as to appeal from the judgment that might be pronounced and "although this plaintiff was not indebted to the defendant in any amount, as his only alternative to remaining in custody and in jail until the February Term, 1945," of the Superior Court, he, before the expiration of the week, paid defendant the sum of $25 plus $6.40 accrued costs; that upon receipt thereof defendant surrendered the check and notified the magistrate his claim and costs had been paid; that thereupon the magistrate entered judgment as follows:
"After hearing the evidence in this case, it is adjudged that the defendant W. A. Melton tenders submission. It is further ordered and adjudged that the defendant W. A. Melton be discharged upon payment of costs, as check has now been paid."
Plaintiff did not submit. Instead he pleaded not guilty and gave evidence of the true nature of the transaction and was found guilty by the magistrate.
The purpose of said arrest was to collect the alleged debt and humiliate and embarrass the plaintiff to such an extent that he would be forced and coerced to pay same; that said arrest was used to accomplish a purpose not contemplated by law and constitutes an unlawful, etc., abuse of process which in fact accomplished its unlawful purpose.
He then alleges damages and prays the recovery of both compensatory and punitive damages.
Upon the call of the case in this Court the defendant demurred ore tenus
for that the complaint fails to state a cause of action for abuse of process. Decision thereon is determinative of this appeal.
At common law there were a number of related causes of action devised to afford a remedy against the wrongful invasion of the liberty of an individual through the processes of the courts.
A cause of action for false arrest or false imprisonment is based upon the deprivation of one's liberty without legal process. It may arise when the arrest or detention is without warrant, Allen v. Greenlee, 13 N.C. 370;S. v. DeHerrodora, 192 N.C. 749, 136 S.E. 6; Cook v. Hospital,168 N.C. 250, 84 S.E. 352; Hoffman v. Hospital, 213 N.C. 669,197 S.E. 161, or the warrant charges no criminal offense, Rhodes v. Collins,198 N.C. 23, 150 S.E. 492, or the warrant is void, or the person arrested is not the person named in the warrant. 4 Am. Jur., 81, sec. 132. All that must be shown is the deprivation of one's liberty without legal process.
To sustain an action for malicious prosecution the plaintiff must show malice, want of probable cause, and the favorable termination of the former proceeding. Miller v. Greenwood, 218 N.C. 146, 10 S.E.2d 708;Carpenter v. Hanes, 167 N.C. 551, 83 S.E. 577; Stancill v. Understood,188 N.C. 475, 124 S.E. 845; Wingate v. Causey, 196 N.C. 71,144 S.E. 530; Mooney v. Mull, 216 N.C. 410, 5 S.E.2d 122, 125 A.L.R., 893; Rawls v. Bennett, 221 N.C. 127, 19 S.E.2d 126.
One who uses legal process to compel a person to do some collateral act not within the scope of the process or for the purpose of oppression or annoyance is liable in damages in a common law action for abuse of process. 1 Am. Jur., 176; R. R. v. Hardware Co., 143 N.C. 54; Ludwick v. Penny,158 N.C. 104, 73 S.E. 228; Wright v. Harris, 160 N.C. 542,76 S.E. 489; Griffin v. Baker, 192 N.C. 297, 134 S.E. 651; Klander v. West,205 N.C. 524, 171 S.E. 782.
So then, while false imprisonment is the arrest and imprisonment without legal process and malicious prosecution is the prosecution with malice and without probable cause, abuse of process is the misuse of legal process for an ulterior purpose. It consists in the malicious misuse or misapplication of that process after issuance to accomplish some purpose not warranted or commanded by the writ. It is the malicious perversion of a legally issued process whereby a result not lawfully or properly obtainable under it is attempted to be secured. 1 Am. Jur., 176; Stanford v. Grocery Co.,143 N.C. 419; R. R. v. Hardware Co., 138 N.C. 175; Griffin v. Baker, supra;Abernethy v. Burns, 210 N.C. 636, 188 S.E. 97; Klander v. West, supra;Martin v. Motor Co., *Page 704 201 N.C. 641, 161 S.E. 77; Ellis v. Wellons, 224 N.C. 269; Rock v.Abrashin, 65 A.L.R., 1280; Anno. 86 Am. St. Rep., 397.
Evil purpose alone is not sufficient. The bad intent must finally culminate in the abuse, for it is only the latter which is the gist of the action. Carpenter v. Hanes, supra. Nor can a cause of action arise out of the issuance of the process alone. Abernethy v. Burns, supra. There is no writ until it is issued. Hence there can be no abuse of a writ before its issuance. That which does not exist cannot be abused.
"Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." 1 Cooley, Torts (3rd), 354; Wright v.Harris, supra; Ludwick v. Penny, supra; R. R. v. Hardware Co., 143 N.C. 54;Jerome v. Shaw, 172 N.C. 862, 90 S.E. 764; Italian Star Line v. U.S.Shipping Bd. E. F. Corp., 53 F.2d 359, 80 A.L.R., 576. Anno. p. 580; Anno. 86 Am. St. Rep., 397.
When the allegations of the complaint are considered in the light of these principles of law, it becomes apparent that no cause of action for malicious abuse of process is stated.
The alleged conduct of the defendant in his business relations with plaintiff, if true, is not commendable. Even so, his conduct prior to the issuance of the warrant does not give rise to a cause of action.
Defendant had in his possession a check of the plaintiff. Plaintiff had no funds in bank and the check was dishonored. Defendant caused a warrant to be issued and plaintiff to be arrested, charged with a violation of the bad check law. The issuance of said warrant was in furtherance of defendants plan to collect his debt by criminal process. At the trial the plaintiff pleaded guilty (as shown by the judgment) or the magistrate found him guilty (as alleged by plaintiff). The pronouncement of judgment was held open for a week. In the interim plaintiff paid the check and costs. Defendant surrendered the check and notified the magistrate his claim had been paid. The magistrate thereafter entered judgment discharging plaintiff on condition he pay the costs.
Where then is the allegation of any act on the part of the defendant which constitutes the misuse of the process of the court? The magistrate did not pronounce judgment immediately, but this was not at the instance or on the request of the defendant. Was it to give plaintiff an opportunity to raise the money due the defendant? It is not so alleged.
Defendant did not demand his money under threat of prosecution. He did not seek a judgment requiring plaintiff to pay. His one and only act after the issuance of the warrant, as alleged by plaintiff, was to accept his money together with the cost as tendered by plaintiff, surrender the check, and notify the magistrate that he had been paid. In this there was no perversion of the writ. *Page 705 
"Defendant's suit may have been unlawful, and the allegations upon which it was based may have been false in fact, but he pursued the regular and usual procedure of the law." Wright v. Harris, supra.
Jackson v. Telegraph Co., 139 N.C. 347, is factually distinguishable. See Wright v. Harris, supra.
As the complaint fails to state a cause of action for abuse of process, the questions presented by the appeal need not be discussed.
Demurrer sustained.