MARY CHARLES McCARTNEY v. APPALACHIAN HALL, INC.

(Filed 2 March, 1949.)

**Process § 15—**

Where, in an action for abuse of process, the complaint alleges that the process was null and void, demurrer is properly sustained, since a cause of action for abuse of process lies only for the malicious misuse or misapplication of valid process.

Appeal by plaintiff from *Shuford, Special Judge,* November Term, 1948, of Buncombe. Affirmed.

*Don C. Young for plaintiff, appellant.*
*Smathers & Meekins for defendant, appellee.*

Devin, J. In the first cause of action set out in plaintiff's complaint she undertook to allege abuse of process as the basis of a claim for damages. Defendant's demurrer thereto was sustained and plaintiff appealed. Plaintiff's second cause of action as set out in her complaint is not involved in the appeal.

The gravamen of the complaint was that plaintiff had been received as an insane person in defendant's institution on the authority of a letter

from one who claimed to have been appointed her guardian in Blount County, Tennessee, and that she·was detained thereunder by the defendant for a longer period than 20 days (G.S. 35-58). It is alleged that the entire proceeding "was totally null and void," and later was so determined by the courts of Tennessee.

It was said in *Ellis v.·Wellons,* 224 N.C. 269, 29 S.E. 2d 884, quoting with approval from 1 A.J. 176, that "abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured." And in *Melton v. Rickman,* 225 N.C. 700, 36 S.E. 2d 276, it was again declared that abuse of·process was "the malicious perversion of a legally issued process." Hence, it follows that whatever remedies the plaintiff may be entitled to pursue for redress of her alleged wrongs, she may not be permitted to maintain, as against a demurrer, a cause of action for abuse of process upon allegation that the process under which she was made to suffer was totally null and void.

The judgment sustaining the demurrer to plaintiff's first cause of action is

Affirmed.